1  PAUL M. GLEASON (SBN: 155569)
   DAVD H. DANNING (SBN: 354477)
2  GLEASON & FAVAROTE, LLP
   3646 Long Beach Boulevard, Suite 203
3  Long Beach, CA 90807
   (213) 452-0510 Telephone
4  (213) 452-0514 Facsimile
   pgleason@gleasonfavarote.com
5  ddanning@gleasonfavarote.com

6  Attorneys for Defendant CORECIVIC, INC.
   and CORECIVIC OF TENNESSEE, LLC
7

8

9              **UNITED STATES DISTRICT COURT**

10             **EASTERN DISTRICT OF CALIFORNIA**

11

12
   JAY HUNT, an individual;                  ) Case No.
13                                            )
                                              )
14              Plaintiff,                    ) **DECLARATION OF DAVID**
                                              ) **DANNING IN SUPPORT OF**
15         v.                                 ) **DEFENDANT CORECIVIC, INC.**
                                              ) **AND CORECIVIC OF TENNESSEE,**
16                                            ) **LLC'S NOTICE OF REMOVAL**
   CORECIVIC, INC., a Maryland               )
17 corporation; and DOES 1 through 50,       )
   inclusive,                                 )
18                                            )
                                              )
19              Defendants.                   )
                                              )
20                                            )
                                              )
21                                            )
                                              ) State Action Filed:  April 29, 2024
22                                            ) Removal Filed:        September 30,
                                              )                      2024
23 _____ ) Trial Date:          none

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

---

## DECLARATION OF DAVID H. DANNING

I, David H. Danning, hereby declare and state as follows:

1.     I am an attorney at law duly licensed to practice in the state of California and before this Court.  I am an associate at Gleason & Favarote LLP, attorneys of record for defendants CoreCivic, Inc. and CoreCivic of Tennessee, LLC ("Defendant" or "CoreCivic"), in the above-captioned matter. Except as to those matters stated on information and belief, I have personal knowledge of the facts stated herein and, if called upon to do so, could and would competently testify to the same.

2.     I am informed and believe that plaintiff Jay Hunt ("Plaintiff") filed a Complaint against Defendant CoreCivic, Inc. on April 29, 2024.  True and correct copies of the summons for defendant, Complaint, civil cover sheet, and notice of assignment are attached hereto as **Exhibit 1**.

3.     On May 1, 2024, Plaintiff served his complaint on defendant CoreCivic, Inc.  A true and correct copy of the transmittal of service on CoreCivic, Inc. served on defendant is attached hereto as **Exhibit 2**.

4.     On May 2, 2024, Plaintiff filed a Proof of Service of Summons on CoreCivic, Inc., a true and correct copy of which is attached hereto as **Exhibit 3**.

5.     On May 31, 2024, CoreCivic, Inc. filed its answer to Plaintiff's Complaint in Kern County Superior Court, a true and correct copy of which is attached hereto as **Exhibit 4**.

6.     On August 30, 2024, CoreCivic of Tennessee, LLC was served via a Doe amendment to Plaintiff's complaint. A true and correct copy of the Doe amendment and proof of service on CoreCivic of Tennessee, LLC is attached hereto as **Exhibit 5**.

7.     On September 5, 2024, Plaintiff filed a Proof of Service of Summons on CoreCivic of Tennessee, LLC, a true and correct copy of which is attached hereto as **Exhibit 6**.

DECLARATION OF DAVID DANNING IN SUPPORT OF DEFENDANT CORECIVIC, INC. AND
CORECIVIC OF TENNESSEE, LLC'S NOTICE OF REMOVAL

1       8.     On September 27, 2024, CoreCivic of Tennessee, LLC filed its answer

2   to Plaintiff's Complaint in Kern County Superior Court, a true and correct copy of

3   which is attached hereto as **Exhibit 7**.

4       9.     No other papers or service of process are known to have been filed or

5   served by Plaintiff in this litigation as of the date of the filing of this declaration.

6       I declare under penalty of perjury under the laws of the United States of

7   America and the state of California that the foregoing is true and correct, and that

8   this declaration is made and executed by me on September 30, 2024, at Ho Chi Minh

9   City, Vietnam.

10

11

12                                        David H. Danning

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF DAVID DANNING IN SUPPORT OF DEFENDANT CORECIVIC, INC. AND CORECIVIC OF TENNESSEE, LLC'S NOTICE OF REMOVAL**

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** CORECIVIC, INC., a Maryland corporation; and *(AVISO AL DEMANDADO):* DOES 1 through 50, inclusive, | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* <br><br> ELECTRONICALLY FILED <br><br> 5/1/2024 <br><br> Kern County Superior Court <br> By Julia Barrera, Deputy |

**YOU ARE BEING SUED BY PLAINTIFF:**      JAY HUNT, an individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):*   Metropolitan Division Justice Building <br> 1215 Truxtun Ave. <br> Bakersfield, CA 93301 | CASE NUMBER: <br> *(Número del Caso):* <br><br> **BCV-24-101468** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Rick Martin, Esq., ANGEL CITY LAW, PC, 645 W. 9th Street, Ste. 110-259, Los Angeles, CA 90015; rick@angelcitylaw.com; (323) 364-8835

| DATE: <br> *(Fecha)* | 5/1/2024 | TARA LEAL | Clerk, by <br> *(Secretario)* | /s/ | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served <br> 1. ☐ as an individual defendant. <br> 2. ☐ as the person sued under the fictitious name of *(specify):* <br><br> 3. ☒ on behalf of *(specify):* CORECIVIC, INC., a Maryland corporation <br>     under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor) <br>            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee) <br>            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person) <br>            ☐ other *(specify):* <br> 4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> *www.courts.ca.gov* |

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form | Clear this form

Rick Martin, Esq. (SBN 320403)
rick@angelcitylaw.com
Ji-Su Park, Esq. (SBN 343008)
ji-su@angelcitylaw.com
**ANGEL CITY LAW, PC**
645 W. 9th Street, Ste. 110-259
Los Angeles, California 90015
Telephone: (323) 364-8835
Facsimile: (323) 967-2425

*Attorneys for Plaintiff,*
JAY HUNT

ELECTRONICALLY FILED
4/29/2024 5:44 PM
Kern County Superior Court
By Julia Barrera, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

| | |
|---|---|
| JAY HUNT, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation;<br>and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.:  BCV-24-101468<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1.  FAILURE TO PROVIDE MEAL BREAKS;<br>2.  FAILURE TO PROVIDE REST BREAKS;<br>3.  FAILURE TO PAY WAGES;<br>4.  FAILURE TO PAY OVERTIME;<br>5.  FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;<br>6.  VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200-17208;<br>7.  RETALIATION IN VIOLATION OF THE FEHA;<br>8.  DISCRIMINATION IN VIOLATION OF THE FEHA<br>9.  HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE FEHA;<br>10. FAILURE TO PREVENT RETALIATION, DISCRIMINATION, AND/OR HARASSMENT IN VIOLATION OF THE FEHA;<br>11. FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF THE FEHA;<br>12. FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;<br>13. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>**DEMAND FOR JURY TRIAL** |

-1-
**COMPLAINT FOR DAMAGES**

Plaintiff, JAY HUNT (hereinafter referred to as "Plaintiff"), hereby complains and alleges as follows:

## THE PARTIES

1. At all relevant times, Plaintiff JAY HUNT (hereinafter referred to as "Mr. Hunt" or "Plaintiff") was and is an individual who resided in the State of California, County of Riverside.

2. Plaintiff is informed, believes, and thereon alleges that Defendant CORECIVIC, INC. (hereinafter referred to as "CORECIVIC" or "Defendant") at all times mentioned herein was and is a Maryland corporation, doing substantial business at 22844 Virginia Blvd, California City, CA 93505.

3. The true names and capacities of the Defendant(s) named herein as DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues said Defendant(s) by such fictitious names. Plaintiff will amend this Complaint to add their true names and capacities when the same have been ascertained.

4. Plaintiff is informed and believes and thereon alleges, that each DOE named herein is an employee, agent, partner, employer, predecessor, successor, assign, attorney, associate, joint venturer, and/or co-conspirator of the named Defendant(s) and at all times herein mentioned was acting within such agency, association, partnership, venture, employment relationship, and/or conspiracy and that any reference to "defendant" or "Defendant" or "Defendants" shall mean "Defendants and each of them."

5. Plaintiff is informed and believes and thereon alleges, that each of such fictitiously named Defendant(s) are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by such Defendant(s).

## GENERAL ALLEGATIONS

6. From on or about July 3, 2021 until in or around April 2023, Mr. Hunt was employed by CORECIVIC on a full-time schedule as a Facility Maintenance Technician, earning an hourly wage of approximately $26.50.

7.  At all relevant times throughout his employment, Mr. Hunt was a loyal, dedicated, and hardworking employee, completing all tasks assigned by his supervisors, even taking on tasks outside the normal scope of his employment if his supervisor or manager so requested.

8.  During his employment with CORECIVIC, Mr. Hunt was the victim of unlawful employment practices in violation of the California Fair Employment and Housing Act (hereinafter referred to as the "FEHA"), including but not limited to discrimination, severe and pervasive harassment, and retaliation due to his protected classes of age and physical disability and protected activities of complaining about unlawful workplace conduct, taking medical leave, and requesting reasonable accommodations.

9.  At all relevant times, Mr. Hunt asserts that he was frequently mocked and belittled based on his age over sixty (60), by his managers, supervisors, and coworkers.

10. Specifically, Mr. Hunt asserts that his managers, supervisors, and coworkers often made harassing remarks such as: "You're getting too old," "You need to retire," "You're too old to be working here," and "Go find another job, we don't need you."

11. Mr. Hunt asserts that much of this harassment came from his supervising manager, and that despite Mr. Hunt's requests that his age not be mocked at work, his managers and coworkers at CORECIVIC continued their harassment.

12. Mr. Hunt asserts that at all relevant times, he often felt pressured to stay longer and work longer, sometimes up to twelve (12) hours per shift, increasing the strain and exhaustion on his body that affected his health to a great degree.

13. On or about July 30, 2022, Mr. Hunt suffered a severe heart attack, requiring immediate medical attention and medically necessary leave.

14. Accordingly, Mr. Hunt went on medical leave in or around late July 2022 with an expected return-to-work date in or around January 2023.

15. However, given the severe nature of Mr. Hunt's heart attack which required him to be in stringent cardio therapy, Mr. Hunt's doctor was not able to medically clear Mr. Hunt to return to work full-time until the cardio therapy was completed.

COMPLAINT FOR DAMAGES

16. As a result, Mr. Hunt's doctor suggested that Mr. Hunt take a less laborious position or a part-time position until he was medically cleared, as his expected return-to-work date would be between in or around end of April 2023 to early May 2023.

17. Mr. Hunt asserts that CORECIVIC refused to accommodate his medical need for additional medical leave or take his doctor's recommended return-to-work date.

18. Instead, CORECIVIC informed Mr. Hunt that they "might not be able to hold [his] job."

19. Following this correspondence from CORECIVIC in or around January 2023, Mr. Hunt transmitted his medical materials to Mr. Hernandez (name unclear) of the Human Resources ("HR") department at CORECIVIC, with whom Mr. Hunt was in communication during his medical leave period.

20. In or around March 2023, CORECIVIC notified Mr. Hunt of his termination.

21. Mr. Hunt was still recovering from his heart attack and using a defibrillator to breathe.

22. Mr. Hunt asserts that CORECIVIC rejected Mr. Hunt's doctor's suggested accommodations of either a less laborious position or part-time work, never offered any reasonable accommodations of their own, and subsequently terminated Mr. Hunt's employment while he was still on leave.

23. On or about April 14, 2023, CORECIVIC officially terminated Mr. Hunt's employment in direct retaliation for his request for medical leave and reasonable accommodation.

24. Furthermore, Mr. Hunt asserts that after his wrongful termination, CORECIVIC wrongfully misclassified his employment termination as being a "voluntary quit," which resulted in Mr. Hunt being disqualified from California's unemployment benefits and/or payments for his disability.

25. Mr. Hunt asserts that CORECIVIC indicated to the State that he voluntarily quit his job, when in reality Mr. Hunt wanted to return to work as soon as he was physically able to, or could have filled any vacant position within CORECIVIC.

26. Mr. Hunt asserts that CORECIVIC wrongfully terminated his employment due to his protected activities of complaining about unlawful workplace conduct including but not limited to

-4-
**COMPLAINT FOR DAMAGES**

1    discrimination and harassment based on age and physical disability, taking medical leave, and

2    requesting reasonable accommodations.

3  27. Mr. Hunt asserts that his heart attack reaffirmed the harassing and/or discriminatory treatment

4    that he faced at CORECIVIC due to his age over sixty (60), and that CORECIVIC sought to

5    cut their business losses by wrongfully terminating Mr. Hunt while he was on medical leave in

6    a retaliatory fashion.

7  28. Mr. Hunt asserts that it would have been reasonable for a company like CORECIVIC to

8    reasonably accommodate a few extra months of medical leave; however, CORECIVIC refused

9    and terminated Mr. Hunt's employment on or about April 14, 2023.

10  29. Since his termination, Mr. Hunt has been reliant on a defibrillator, continuing his cardio

11    therapy, and has been severely, financially deprived due to CORECIVIC wrongfully

12    terminating his employment and wrongfully misclassifying his termination as a "voluntary

13    quit," which disqualified Mr. Hunt from much-needed government assistance to cover his

14    medical and living expenses while being disabled.

15  30. Furthermore, at all relevant times during his employment with CORECIVIC, Mr. Hunt asserts

16    that he was not paid for all hours worked, including both straight pay and overtime

17    compensation, and that he was not provided with accurate, itemized wage statements as

18    California law requires employers such as CORECIVIC to provide to their employees.

19  31. During all relevant times herein mentioned, Mr. Hunt regularly worked in excess of eight (8)

20    hours per day and in excess of forty (40) hours per week. However, CORECIVIC failed to pay

21    Mr. Hunt overtime compensation for all hours worked in excess of eight (8) hours per day. In

22    addition, CORECIVIC never paid Mr. Hunt all overtime compensation for any hours worked

23    in excess of forty (40) hours per week.

24  32. Mr. Hunt asserts that he was often not allowed to take meal and/or rest breaks, and that if he

25    were allowed to take breaks, they were constantly and frequently interrupted by demands to

26    return to work.

27

28

33. Mr. Hunt worked without being provided a meal period of at least thirty (30) minutes per five (5) hours worked and without compensation of one (1) hour of pay for each workday that a meal period was not provided. Mr. Hunt worked without being authorized or permitted to take a rest period of at least ten (10) minutes per every four (4) hours worked and without compensation of one (1) hour of pay for each workday that a rest period was not provided. Mr. Hunt worked without receiving an accurate itemized wage statement that reflected regular and overtime hours actually worked and meal and rest period premium payments.

34. Plaintiff properly and timely complied with the requirements of FEHA and exhausted his administrative remedies against Defendant(s) prior to the filing of this civil action.

35. On February 1, 2024, Plaintiff received his right-to-sue letter.

36. By a letter dated February 1, 2024, Plaintiff received a "Notice of Case Closure/Right-to-Sue" from the Department of Fair Employment and Housing (hereinafter referred to as the "DFEH") authorizing Plaintiff to file a lawsuit in the Superior Court of the State of California, within one (1) year from the date of the letter. Attached hereto, as "Exhibit A," is a true and correct copy of the Right to Sue Letter received from the DFEH.

37. Plaintiff has therefore exhausted all of his administrative remedies necessary before filing a lawsuit.

38. Plaintiff has therefore properly and timely filed this civil action.

39. Defendant(s) are business entities regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL BREAKS

### (Against Defendant CORECIVIC; and DOES 1-50, Inclusive)

40. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

41. Plaintiff was not provided meal periods as required by the California Labor Code §§ 226.7 and 512 and Industrial Welfare Commission Wage Orders.

42. Throughout the statutory period alleged herein, Plaintiff regularly worked for more than five (5) hours during a work period without being allowed to take the mandatory thirty (30) minute meal break before each five (5) hours as required by California law, and without being compensated for missed meal periods. *See Brinker Rest. Corp. vs. Superior Court* (2012) 53 Cal.4th 1004, 1040-1041 ("The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so. ... [A] first meal period, and a second meal period [is required] no later than the end of an employee's 10th hour of work.").

43. Defendant discouraged, dissuaded, impeded, and/or failed to provide Plaintiff with uninterrupted meal periods of not less than thirty (30) minutes as required by the Labor Code and failed to provide one (1) hour of premium pay for each day they failed to provide a meal period.

44. The working conditions and work schedules at Defendant's employment location deprived Plaintiff a meaningful opportunity to take the meal breaks required by California law. Plaintiff was consistently interrupted during his meal and rest period(s).

45. Defendant required Plaintiff, as a condition of maintaining his employment with Defendant, to regularly work through his meal periods, and Plaintiff was given little to no appropriate time to take such breaks. Such conditions not only caused Plaintiff to suffer heightened levels of stress and anxiety, but also attributed to physical abrasions that continue to this day.

46. As a result of Defendant's above-referenced wrongful conduct, Plaintiff has suffered, and continues to suffer, significant economic loss and damages.

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

### (Against Defendant CORECIVIC; and DOES 1-50, Inclusive)

47. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

48. Plaintiff was not authorized or permitted to take a full, uninterrupted ten (10) minute rest period for every four (4) hours worked. Essentially, Plaintiff remained on duty or was called back into duty to work before the end of his ten (10) minute rest breaks. *See Brinker*, 53 Cal.4th at 1029 ("Employees are entitled to 10 minutes' rest for shift from three and one-half to six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on."). As a result, Plaintiff was always on duty, subject to his employer's control, even when he was on his purported "breaks," which in any event were often less than ten (10) minutes or not permitted at all.

49. Plaintiff was not paid the required premium pay for days in which he worked at least three and one-half (3½) hours and was not authorized or permitted to take a full, uninterrupted ten (10) minute rest break for every four (4) hours of work or major fraction thereof. Such practices occurred throughout Plaintiff's employment with Defendant.

50. As a result of Defendant's above-referenced wrongful conduct, Plaintiff has suffered, and continues to suffer, significant economic loss and damages.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY WAGES

### (Against Defendant CORECIVIC; and DOES 1-50, Inclusive)

51. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

52. Cal. Lab. Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

53. "[A]n employer is not entitled to a setoff of debts owing it by an employee against any wages due that employee." *Barnhill v. Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 6.

54. Defendant was required to pay Plaintiff for all hours worked, meaning the time during which an employee is subject to the control of an employer. Accordingly, Plaintiff was under the

1   direct control of Defendant's regulations and management throughout his working day.  More

2   so, throughout Plaintiff's employment with Defendant, Defendant routinely contacted Plaintiff

3   regarding work-related duties and tasks, all the while Plaintiff was off his working shift and

4   away from Defendant's place of business.  Consequently, Plaintiff was not provided with just

5   compensation for the time in which Defendant made such communications.

6   55. Defendant's practice of failing to pay Plaintiff for his labor is unlawful and creates an

7      entitlement, pursuant to Cal. Lab. Code § 218.5, to recovery of the unpaid balance of the full

8      amount of the straight time compensation owing.

9   **FOURTH CAUSE OF ACTION**

10  **FAILURE TO PAY OVERTIME**

11  **(Against Defendant CORECIVIC; and DOES 1-50, Inclusive)**

12  56. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this

13     Complaint as though fully set forth at this point.

14  57. Throughout the statutory period alleged herein, Plaintiff regularly worked an excess of eight

15     (8) hours per workday and an excess of forty (40) hours per workweek. However, CORECIVIC

16     failed to pay Plaintiff all overtime compensation for all hours worked an excess of eight (8)

17     hours per workday. Additionally, CORECIVIC failed to pay Plaintiff all overtime

18     compensation for all hours worked an excess of forty (40) hours per workweek. On a regular

19     basis, and occurring throughout his employment with CORECIVIC, Plaintiff would be

20     required and mandated by CORECIVIC to complete tasks/duties after clocking out of his

21     working shift.

22  58. Plaintiff regularly worked in excess of eight (8) hours per workday and/or forty (40) hours per

23     workweek without receiving all overtime compensation owed.

24  59. Cal. Lab. Code § 510 and the applicable Industrial Welfare Commission Wage Order 4-2001

25     and 17-2001 require that all workers be compensated for all hours worked, including overtime

26     premium pay for overtime hours worked. Cal. Lab. Code § 510; 8 Cal. Code Regs. §

27     11040(3)(A). Workers must be paid regular wages for hours worked and overtime premium

28

-9-

1    pay in the amount of one and one-half (1½) times each employee's regular rate of pay for any

2    work in excess of eight (8) hours in one (1) working day. *Id.*

3    60. Workers must also be paid double-time premium pay in the amount of double each employee's

4    regular rate of pay, for any work in excess of twelve (12) hours in one (1) day and any work in

5    excess of eight (8) hours on any seventh day of a workweek. *Id.*

6    61. Defendant failed to provide Plaintiff with the correct and accurate compensation that is owed.

7    Plaintiff was required to work throughout various and extensive hours of work but was not

8    accorded appropriate overtime compensation by CORECIVIC.  At times during Plaintiff's

9    employment, Plaintiff would be required to work throughout extensive hours without being

10   accorded appropriate overtime compensation by CORECIVIC.  By failing to pay all overtime

11   compensation owed to Plaintiff, Defendant violated Cal. Lab. Code §§ 204, 510, and 1194 and

12   the applicable Wage Order 4-2001 and 17-2001.

13   62. As a result of Defendant's above-referenced wrongful conduct, Plaintiff has been deprived of

14   overtime compensation in an amount to be determined at trial, and is entitled to recovery of

15   such amounts, plus interest thereon, attorneys' fees and costs, under Cal. Lab. Code § 1194.

16                               **FIFTH CAUSE OF ACTION**

17       **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

18            **(Against Defendant CORECIVIC; and DOES 1-50, Inclusive)**

19   63. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this

20   Complaint as though fully set forth at this point.

21   64. Cal. Lab. Code § 226 requires an employer to furnish its employees with an accurate itemized

22   statement in writing showing, among other things: (1) all applicable hourly rates in effect

23   during each respective pay period and the corresponding number of hours worked by each

24   respective individual; (2) total hours worked by each respective individual; (3) gross wages

25   earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the

26   employee is paid; (7) the name of the employee and an employee identification or social

27   security number; and (8) the name and address of the legal entity that is the employer.

28

65. As a pattern and practice, in violation of Cal. Lab. Code § 226(a), Defendant failed to furnish Plaintiff with accurate, itemized wage statements containing all information required by the Labor Code.  Further, Plaintiff was not furnished accurate, itemized wage statements that clearly and specifically identified all overtime hours Plaintiff worked and premiums paid for uninterrupted rest periods Plaintiff did not receive.  Among other harms, Plaintiff has suffered from Defendant's inadequate wage statements because Plaintiff was not able to learn, amongst other inaccuracies, that he was entitled to meal or rest period premiums and all overtime compensation.

66. Cal. Lab. Code §§ 226, 1174, and 1174.5 and the applicable Wage Order mandate an employer to keep accurate records, including the number of hours worked, rate of pay for each hour, and total wages owed.  It is an offense for an employer to fail to keep track of the hours their employees' work. Cal. Lab. Code § 215.

67. To the extent that Defendant made any payments for rest period premiums and all overtime compensation owed for such hours worked, these sums were not identified as such on Plaintiff's itemized wage statements.  The failure to include meal and rest period premiums and all owed overtime compensation on Plaintiff's wage statements constitutes inaccurate record keeping and confuses Plaintiff, who would have learned about his right to receive meal and rest period premiums and all overtime compensation that he was owed, if those premiums and items were identified as such on his wage statements.

68. Defendant knowingly and intentionally failed to comply with Cal. Lab. Code § 226(a) on a number of wage statements provided to Plaintiff.

69. As a result of Defendant's above-referenced wrongful conduct, Plaintiff has suffered, and continues to suffer, significant economic loss and damages.

## SIXTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200-17208

### (Against Defendant CORECIVIC; and DOES 1-50, Inclusive)

**COMPLAINT FOR DAMAGES**

70. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

71. The California Business and Professions Code §§ 17200, *et seq*. prohibit acts of unfair competition, which includes any "unlawful and unfair business practices." It is the policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

72. Through the conduct alleged herein, Defendant acted contrary to these public policies and engaged in unlawful and/or unfair business practices in violation of the Business & Professions Code §§ 17200, *et seq*., depriving Plaintiff his rights, benefits, and privileges guaranteed to all employees under California law.

73. Additionally, throughout Plaintiff's employment with Defendant, Defendant had committed unlawful, unfair, and/or fraudulent business acts and practices as defined and in violation of the Business & Professions Code §§ 17200, *et seq*. by committing the above-mentioned acts of discrimination, harassment, and retaliation against Plaintiff; failing to pay all owed overtime wages; failing to provide uninterrupted meal and rest breaks; failing to pay premiums for such rest break violations; failing to pay wages due at the time of separation; failing to furnish timely and accurate wage statements; failing to remit gratuities; and/or failing to reimburse business expenses, all in violation of California law.

74. By engaging in these business practices, which are unfair business practices within the meaning of the Business & Professions Code §§ 17200, *et seq*., Defendant reaped unfair benefits and illegal profits at the expense of Plaintiff. Defendant must disgorge these ill-gotten gains and restore to Plaintiff the wrongfully withheld wages pursuant to § 17203 of the California Business & Professions Code.

///

///

1

## SEVENTH CAUSE OF ACTION

2

### RETALIATION

3

### IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

4

### (Against Defendant CORECIVIC; and DOES 1-50, Inclusive)

5   75. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this

6       Complaint as though fully set forth at this point.

7   76. At all times relevant, Plaintiff was engaged in an employee-employer relationship with

8       CORECIVIC.

9   77. At all relevant times mentioned, Plaintiff insisted on attending his usual employment under

10      protections afforded to his pursuant to Cal. Gov't. Code § 12900, *et seq*. Accordingly, Plaintiff

11      was engaged in protective activities of asserting his legal rights to a workplace free from

12      discrimination and harassment, taking medical leave, and requesting reasonable

13      accommodations.

14  78. Plaintiff's employment was reduced by Defendant in retaliation for Plaintiff's assertion of his

15      employment rights and/or opposition of the aforementioned discriminatory and harassing

16      conduct under Cal. Gov't Code § 12900, *et seq*. This includes but is not limited to facing

17      retaliation in the form of wrongful termination following his medical leave.

18  79. In all instances, Plaintiff was made to continue working under such deplorable working

19      conditions and was subjected to further harm.

20  80. Cal. Gov't Code § 12940(h) provides that it is an unlawful employment practice "[f]or any

21      employer, labor organization, employment agency, or person to discharge, expel, or otherwise

22      discriminate against any person because the person has opposed any practices forbidden under

23      this part or because the person has filed a complaint, testified, or assisted in any proceeding

24      under this part."

25  81. "To establish a prima facie case of retaliation, 'the plaintiff must show that [he] engaged in a

26      protected activity, [his] employer subjected [him] to adverse employment action, and there is

27      a causal link between the protected activity and the employer's action.'" *Iwekaogwu v. City of*

28

**COMPLAINT FOR DAMAGES**

1    *Los Angeles* (1999) 75 Cal.App.4th 803, 814, quoting *Flait v. North American Watch Corp.*

2    (1992) 3 Cal.App.4th 467, 476.

3    **a.  Protected Activity;**

4        i.   In general, under a FEHA claim for retaliation, to constitute a "protected activity," an

5            employee must *complain* or *oppose* a practice which is forbidden by the FEHA.  Courts

6            have held that "protected activity" includes complaints or oppositions to conduct that

7            the employee "reasonably" and in "good faith" believes to be unlawful, even if the

8            conduct is not actually prohibited under the FEHA.

9        ii.  In the instant case, Plaintiff engaged in protected activities by, amongst other instances,

10           complaining to management of CORECIVIC regarding managers' and coworkers'

11           discriminatory and harassing conduct towards him; taking medical leave after suffering

12           a severe heart attack; and requesting reasonable accommodations that were medically

13           necessary.  However, CORECIVIC failed to administer any proper relief and/or provide

14           a safe work environment for Plaintiff.

15   **b.  Adverse Employment Action;**

16       i.   An adverse employment action is any "adverse treatment that is reasonably likely to

17           impair a reasonable employee's job performance or prospects for advancement or

18           promotion." *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1054-1055.

19       ii.  Because Plaintiff exercised his aforementioned rights, Plaintiff was subjected to

20           adverse employment action(s) by CORECIVIC, when, amongst other acts of

21           misconduct, CORECIVIC continued to subject Plaintiff to discriminatory and

22           harassing conduct; a hostile work environment; denial of Plaintiff's request for

23           additional medical leave; denial of Plaintiff's request for reasonable accommodations;

24           and ultimately, wrongful termination of Plaintiff's employment subsequent to his

25           protected activities.

26

27

28

iii. As a result, Plaintiff suffered economic damages and severe emotional anxiety and stress. Based upon the facts mentioned hereinafter, and Defendant's ill intent and treatment, Plaintiff suffered adverse employment action(s).

**c. Causal Link Between Protected Activity and Adverse Employment Action;**

i. "The causal link may be established by an inference derived from circumstantial evidence, 'such as the employer's knowledge that the [employee] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision.'" *Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 614-615.

ii. Plaintiff's assertion of his rights of complaining about the discrimination and hostile work environment he faced under Cal. Gov't Code § 12900, *et seq.* was a motivating reason for CORECIVIC's decision to retaliate against Plaintiff by subjecting Plaintiff to the aforementioned egregious working condition(s) and actions, forcing him to be subjected to discriminatory and harassing conduct.

iii. CORECIVIC's conduct was a substantial factor in causing harm to Plaintiff, as described previously in this Complaint.

iv. Additionally, CORECIVIC, by and through its managing agents, knew of the discriminatory and harassing conduct Plaintiff was subjected to, occurring at CORECIVIC's place of business.

v. CORECIVIC, by and through its managing agents, intentionally retaliated against Plaintiff. CORECIVIC's ill intent to create a hostile work environment and retaliate against Plaintiff, all surmount to an inference that CORECIVIC retaliated against Plaintiff for asserting his rights under Cal. Gov't Code § 12900, *et seq.*

82. Plaintiff suffered general damages, as he was financially and psychologically injured when he was wrongfully terminated after complaining about unlawful workplace conduct, taking medical leave, and requesting reasonable accommodations.

-15-
**COMPLAINT FOR DAMAGES**

83. Such injuries have caused and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimal jurisdiction. The exact amount of such expenses and losses are presently unknown, and Plaintiff will seek leave of this Court to amend this Complaint to set forth the exact amount when it is ascertained.

84. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been and, for a period of time in the future, may possibly be required to employ physicians and incur additional medical and incidental expenses. Plaintiff has suffered and will continue to suffer from emotional injuries including but not limited to anxiety, heightened stress, discomfort, nervousness, and depression. The exact amount of such expenses is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

85. Plaintiff is informed and believes that Defendant's actions were undertaken with prior approval and consent of members of CORECIVIC's management team and/or agent(s) and were subsequently ratified by them as well.

86. Defendant's conduct was a substantial factor in causing harm to Plaintiff, as described previously in this Complaint.

87. As a direct and proximate result of Defendant's actions and inactions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits. The exact amount of such expenses and losses are presently unknown, and Plaintiff will seek leave of this Court to amend this Complaint to set forth the exact amount when it is ascertained.

88. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered general damages, as he was psychologically and emotionally injured. Such injuries have caused and continue to cause Plaintiff great mental pain and suffering, depression, and loss of enjoyment, in an amount in excess of this Court's minimal jurisdiction. The exact amount of such expenses is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

COMPLAINT FOR DAMAGES

1  89. Plaintiff is informed and believes that Defendant acted with malice and oppression, as the

2      tortious acts were carried out with full knowledge of the extreme risk of injury involved, and

3      with willful and conscious disregard for Plaintiff's rights.

4  90. Additionally, Defendant acted with fraud, as Defendant willfully concealed the fact that

5      Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of his

6      employment rights.

7  91. Accordingly, an award of punitive damages is warranted.

8                          **EIGHTH CAUSE OF ACTION**

9                              **DISCRIMINATION**

10  **IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

11              **(Against Defendant CORECIVIC; and DOES 1-50, Inclusive)**

12  92. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this

13      Complaint as though fully set forth at this point.

14  93. At all times relevant, CORECIVIC was an "employer" as defined in Cal. Gov't Code § 12926,

15      and Plaintiff was a CORECIVIC employee for the purposes of the FEHA.

16  94. CORECIVIC's conduct, as herein alleged, violated the FEHA, which makes it an unlawful

17      employment practice for an employer to discharge or discriminate against an employee in the

18      terms, conditions, and privileges of employment because of the employee's age as well as

19      physical disability.  Cal. Gov't Code § 12940(a).

20  95. At all relevant times through his employment with CORECIVIC, Plaintiff was the victim of

21      multiple instances of discrimination by CORECIVIC supervisors and/or CORECIVIC.

22  96. At all relevant times, Plaintiff was subjected to disparate adverse workplace treatment due to

23      his age over sixty (60) and physical disability.

24  97. Specifically, in or around January 2023, Mr. Hunt informed CORECIVIC that his doctor

25      recommended that Mr. Hunt was unable to return to work that month due to his severe health

26      condition.

27  98. Mr. Hunt's doctor required further accommodations for Mr. Hunt in the form of additional

28

-17-

**COMPLAINT FOR DAMAGES**

1 | medical leave to ensure that his health would not be in jeopardy by going back to work full-
2 | time.

3 | 99. However, CORECIVIC refused to consider or grant the accommodations requested and instead

4 | responded that they "might not be able to hold [his] job."

5 | 100.    CORECIVIC then wrongfully terminated Mr. Hunt's employment.

6 | 101.    Upon information and belief, other similarly situated employees that were younger and/or

7 | did not suffer from a physical disability were not subject to the same treatment, standards,

8 | and/or rules that Plaintiff was subject to.

9 | 102.    Plaintiff asserts that he was denied work promotions, benefits, opportunities, assignments,

10 | and/or equal pay because of his age and physical disability.

11 | 103.    Plaintiff asserts that his age and physical disability were motivating reasons for

12 | CORECIVIC's decision to discriminate against Plaintiff as described previously in this

13 | Complaint.

14 | 104.    Despite Plaintiff's reports of the discriminatory incident(s) to CORECIVIC, no corrective

15 | action was ever taken.

16 | 105.    Due to the lack of oversight and correction, CORECIVIC supervisor(s) felt empowered to

17 | discriminate against Plaintiff based on his age and physical disability.  Plaintiff asserts that

18 | there was a culture of unaccountability at CORECIVIC, which CORECIVIC had full notice of

19 | and failed to take corrective action to prevent the harm.

20 | 106.    To date, CORECIVIC has not acknowledged or addressed Plaintiff's aforementioned

21 | complaints, and continues to cause Plaintiff emotional distress.

22 | 107.    As a direct and proximate result of CORECIVIC's actions, Plaintiff has suffered and

23 | continues to suffer losses in earnings and other benefits.  The exact amount of such expenses

24 | and losses are presently unknown, and Plaintiff will seek leave of this Court to amend this

25 | Complaint to set forth the exact amount when it is ascertained.

26 | 108.    As a direct and proximate result of CORECIVIC's conduct, Plaintiff has suffered general

27 | damages in the form of psychological and emotional injury.  Such injuries have caused and

28 |

-18-
**COMPLAINT FOR DAMAGES**

1    continue to cause Plaintiff great mental pain and suffering, depression, and loss of enjoyment,

2    in an amount in excess of this Court's minimal jurisdiction.

3    109.    As a direct and proximate result of CORECIVIC's conduct, Plaintiff has been and, for a

4    period of time in the future, may be required to employ physicians and incur additional medical

5    and incidental expenses.  The exact amount of such expenses is presently unknown, and

6    Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when

7    it has been ascertained.

8    110.    Plaintiff is informed and believes that CORECIVIC acted with malice and oppression, as

9    the tortious acts were carried out with full knowledge of the extreme risk of injury involved,

10   and with willful and conscious disregard for Plaintiff's rights.

11   111.    Additionally, CORECIVIC acted with fraud, as CORECIVIC willfully concealed the fact

12   that Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of

13   his employment benefits and opportunity to further his employment with the company.

14   112. Accordingly, an award of punitive damages is warranted.

15                           **NINTH CAUSE OF ACTION**

16                        **HOSTILE WORK ENVIRONMENT**

17   **IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

18                              **(Against All Defendants)**

19   113. Plaintiff restates and incorporates by this reference each and every preceding paragraph in

20   this Complaint as though fully set forth at this point.

21   114. At all times relevant, Plaintiff was engaged in an employee-employer relationship with

22   CORECIVIC.

23   115. Defendant's acts of permitting and tolerating continuous instances of unwanted

24   discrimination, harassment, and retaliation due to Plaintiff's assertion of his employment rights

25   allowed CORECIVIC's managers and/or employees to continue harassing Plaintiff of his age

26   and physical disability without Plaintiff's consent.

27

28

                                          -19-

116. In particular, Defendant directed the aforementioned accusations in an offensive, harassing manner, for which Defendant did so intentionally and without remorse.

117. Specifically, Plaintiff asserts that his managers, supervisors, and coworkers often made verbally harassing, derogatory remarks such as: "You're getting too old," "You need to retire," "You're too old to be working here," and "Go find another job, we don't need you."

118. Due to CORECIVIC's lack of oversight and correction, Defendant felt empowered to discriminate and harass Plaintiff and retaliate against Plaintiff for his assertion of his right to a workplace free from discrimination and harassment and for his request to take medical leave and request for reasonable accommodations.

119. Plaintiff asserts that there was a culture of abuse and unaccountability, which Defendant had full notice of and yet failed to take corrective action to prevent the harm.

120. At all relevant times, Plaintiff made Defendant fully aware of the aforementioned discrimination and hostile work environment that he had been subjected to. Nevertheless, upon information and belief, Defendant took no corrective measures to remedy the discrimination and hostile work environment against Plaintiff, but rather, allowed for the abuse and harassment against Plaintiff to continue until the time of his wrongful employment termination on or about April 14, 2023.

121. Defendant's harassing conduct was a substantial factor in causing Plaintiff's harm as Plaintiff was traumatized by the aforementioned abuse and misconduct.

122. As a proximate result of Defendant's harassing actions, in violation Cal. Gov't Code § 12940(j)(1), Plaintiff has suffered losses in compensation, earning capacity, humiliation, and mental anguish, and emotional distress.  As a result of such actions and consequent harm, Plaintiff has suffered such damages in an amount to be proven at trial.

123. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard for Plaintiff's rights.

124. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered general damages, as Plaintiff has been psychologically and emotionally injured from Defendant's

-20-

1    aforementioned conduct.  Such injuries have caused and continue to cause Plaintiff great

2    mental pain and suffering, depression, and loss of enjoyment, in an amount in excess of this

3    Court's minimal jurisdiction.

4    125. As a direct and proximate result of Defendant's conduct, Plaintiff has been and, for a period

5    of time in the future, may be required to employ physicians and/or psychotherapists and incur

6    additional medical and incidental expenses.

7    126. Plaintiff is informed and believes that Defendant acted with malice and oppression, as the

8    tortious acts were carried out with full knowledge of the extreme risk of injury involved, and

9    with willful and conscious disregard for Plaintiff's rights.

10   127. Additionally, Defendant acted fraudulently as Defendant willfully concealed the fact that

11   Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of his

12   employment benefits.

13   128. Accordingly, an award of punitive damages is warranted.

14                                    **TENTH CAUSE OF ACTION**

15            **FAILURE TO PREVENT RETALIATION, DISCRIMINATION, AND/OR**

16       **HARASSMENT IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND**

17                                          **HOUSING ACT**

18                   **(Against Defendant CORECIVIC; and DOES 1-50, Inclusive)**

19   129. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this

20        Complaint as though fully set forth at this point.

21   130. At all times herein mentioned, the FEHA was in full force and effect, and was binding on

22        Defendant.  Cal. Gov't Code § 12940(k) states that it is an unlawful employment practice in

23        California for an employer "to fail to take all reasonable steps to prevent discrimination and

24        harassment from occurring."

25   131. During the course and scope of Plaintiff's employment with Defendant, Defendant failed to

26        prevent the discriminatory and harassing conduct that Plaintiff was subjected to based on age

27

28

1    and physical disability and for taking medical leave and requesting reasonable
2    accommodations.

3    132. More so, Defendant failed to exercise reasonable care to prevent the management and/or other
4        individuals from creating an environment within which Plaintiff was subjected to the
5        aforementioned discriminatory, harassing, and/or retaliatory conduct, all occurring at
6        Defendant's place of business.

7    133. Instead, Defendant retaliated against Plaintiff by denying him reasonable accommodations
8        and wrongfully terminating his employment.

9    134. Instead of providing a safe working environment for Plaintiff, Defendant proceeded to,
10       amongst other deplorable acts, made Plaintiff feel that his employment and ability to work in
11       a place free of a hostile work environment were not a priority.

12   135. As a direct and legal result of Defendant's aforementioned misconduct, Plaintiff has lost and
13       will continue to lose earnings and other employment benefits and has suffered and/or will suffer
14       other actual, consequential, and incidental financial losses, in an amount to be proven at the
15       time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest
16       pursuant to Cal. Civ. Code §§ 3287 and 3288 and/or any other provision of law providing for
17       prejudgment interest.

18   136. As a direct and legal result of Defendant's aforementioned misconduct, Plaintiff has become
19       mentally distraught, severely emotionally distressed, frustrated, intimidated, embarrassed,
20       isolated, degraded, humiliated, and/or aggravated.  Plaintiff claims non-economic or general
21       damages for such mental and emotional distress and aggravation, in a sum in excess of the
22       jurisdictional minimum of this Court.

23   137. As a further direct, foreseeable, legal, and proximate result of Defendant's acts, as herein
24       alleged, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees,
25       expenses, and costs, entitling him to reimbursement of the same, pursuant to Cal. Gov't Code
26       § 12965(c)(6), in an amount to be proven at trial.

27

28

-22-

**COMPLAINT FOR DAMAGES**

138. At all relevant times, said misconduct against Plaintiff was fraudulent, malicious, and oppressive, as defined by Cal. Civ. Code § 3294.

139. As such, Defendant acted in a willful and intentional manner and its conduct, as herein described, was and continues to be despicable, malicious, and outrageous in that it had caused Plaintiff to needlessly suffer cruel and unjust hardship.

140. As such, Defendant is liable for punitive damages under Cal. Civ. Code § 3294, arising from the discriminatory, retaliatory, and/or harassing conduct Plaintiff was subjected to.

## ELEVENTH CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATION

## IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

## (Against Defendant CORECIVIC; and DOES 1-50, Inclusive)

141.    Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

142.    Cal. Gov't Code § 12940(m)(1) makes it unlawful for an employer to fail to make reasonable accommodation for the known physical or mental disability of an employee.

143.    Cal. Gov't Code § 12940(m)(2) further emphasizes that it is an unlawful employment practice for an employer to retaliate or otherwise discriminate against a person for requesting an accommodation, regardless of whether the request was granted.

144.    Under *Hernandez v. Rancho Santiago Cmty. College Dist.* (2018) 22 Cal.App.5th 1187, 1193-1194, Plaintiff must prove three (3) elements to establish a prima facie case for a failure to accommodate claim: (1) plaintiff has a disability covered by the FEHA; (2) the plaintiff is a qualified individual (*i.e.*, she can perform the essential functions of the position); and (3) the employer failed to reasonably accommodate the plaintiff's disability.

**(1) Plaintiff has a disability covered by the FEHA;**

145.    Cal. Gov't Code § 12926(m)(1)(a) defines "physical disability" for the purposes of a failure to accommodate claim as including, but not limited to: any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that limits a major life activity by making

-23-
**COMPLAINT FOR DAMAGES**

1  that achievement activity more difficult by affecting the body's neurological, immunological,
2  musculoskeletal, special sense organs, respiratory, speech organs, cardiovascular,
3  reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine systems.

4  146.   At all relevant times since in or around July 2022, Plaintiff has, and continues to suffer
5  from, a severe heart attack, a physical disability that Plaintiff asserts was uniquely worsened
6  due to Defendant's failure to provide reasonable accommodations or engage in the interactive
7  process.

8  147.   Plaintiff's physically disabling health condition due to a severe heart attack is a qualifying
9  physical disability under the FEHA's definition.

10  **(2) Plaintiff is a qualified individual;**

11  148.   Per the holding in *Hernandez*, *supra*, 22 Cal.App.5th 1187 at 1193-1194, "qualified
12  individual" for the purposes of a failure to accommodate claim is defined as an employee that
13  can perform the essential functions of the position, former or vacant, with or without being
14  provided reasonable accommodations.

15  149.   At all relevant times until his termination in or around April 2023, Plaintiff was capable of
16  performing and performed the essential duties of his position even while disabled and was
17  recovering.

18  150.   Plaintiff could have performed any other vacant or alternative position equally as
19  competently with or without accommodations.

20  151.   Yet, Defendant failed to offer to Plaintiff any such position, with full knowledge of the pain
21  and suffering that Plaintiff was experiencing on a daily basis based on Plaintiff's complaints.

22  **(3) Employer(s) failed to reasonably accommodate plaintiff's disability;**

23  152.   Plaintiff asserts that immediately after he suffered a severe heart attack, Defendant not only
24  expected but specifically mandated that Plaintiff perform the exact same tasks and duties as he
25  was expected prior to his heart attack, with no accommodations or work restrictions, forcing
26  him to continue working without accommodations, causing the health condition to worsen, and
27  mocked Plaintiff for any decrease in efficiency as a result of his age and/or physical disability.
28

-24-
**COMPLAINT FOR DAMAGES**

153.   Plaintiff continued to suffer from the lingering effects of his heart attack that were never allowed proper time and treatment to heal and recover and were uniquely worsened due to Defendant's failure to provide reasonable accommodation.

154.   Plaintiff sought expert medical care, which informed Plaintiff that being forced to do the same work with his injuries, without proper treatment and recovery, and without accommodations or work restrictions, would inevitably cause his disability to worsen to the point where a period of leave from work was deemed medically necessary.

155.   Plaintiff informed Defendant of his medical diagnosis and the severity of his condition, as well as his doctor's recommended work accommodations and an updated return-to-work date to avoid re-injury.

156.   Upon receipt of this knowledge, Defendant not only denied Plaintiff any accommodations but ultimately wrongfully terminated Plaintiff's employment in or around April 2023, subsequent to Plaintiff's taking of medical leave and requests for accommodation.

157.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and may, for a period of time in the future, be unable to obtain gainful/comparable employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses are presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

158.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was physically and emotionally injured.  Such injuries have caused and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimal jurisdiction.

159.   Plaintiff is informed and believes that Defendant acted with malice and oppression, as their tortious acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights.

160.   Defendant also acted with fraud, as Defendant willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of his employment benefits.

161.   In doing so, Defendant acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff with an evil and sinister purpose and/or conscious disregard for Plaintiff's rights.

162.   Based on the foregoing, Plaintiff is entitled to punitive damages in an amount according to proof.

## TWELFTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN INTERACTIVE PROCESS

### IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

### (Against Defendant CORECIVIC; and DOES 1-50, Inclusive)

163.   Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

164.   Cal. Gov't Code § 12940(n) provides that it is an unlawful employment action for an employer to fail to engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

165.   "[A]n employer's failure to properly engage in the process is separate from the failure to reasonably accommodate an employee's disability and gives rise to an independent cause of action." *Swanson v. Morongo Unified Sch. Dist.* (2014) 181 Cal.Rptr.3d 553, 567.

166.   "While a claim of failure to accommodate is independent of a cause of action for failure to engage in an interactive dialogue, each necessarily implicates the other." *Moore v. Regents of University of California* (2016) 246 Cal.App.4th 216, 242.

167.   Under Cal. Gov't Code § 12490(n), to establish a claim for failure to engage in the interactive process as required by the FEHA, Plaintiff must will establish six (6) elements: (1)

-26-
**COMPLAINT FOR DAMAGES**

1   an employer-employee relationship between Defendant and Plaintiff; (2) Plaintiff had a

2   disability that was known to Defendant; (3) Plaintiff requested that Defendant make reasonable

3   accommodation for his or her physical condition so that he or she would be able to perform the

4   essential job requirements; (4) Plaintiff was willing to participate and Defendant failed to

5   participate in a timely, good-faith interactive process to determine whether reasonable

6   accommodation could be made so that he or she would be able to perform the essential job

7   requirements; (5) Defendant could have made a reasonable accommodation when the

8   interactive process should have taken place, and; (6) Plaintiff was harmed and Defendant's

9   failure to engage in a good-faith interactive process was a substantial factor in causing

10   Plaintiff's harms.

11   **(1) Employer-employee relationship;**

12   168.    At all relevant times, Defendant and Plaintiff were engaged in an employer-employee

13   relationship.

14   **(2) Plaintiff had disability known to Defendant(s);**

15   169.    Plaintiff had and continues to suffer from a physical disability due to a severe heart attack

16   in or around July 2022. Plaintiff immediately reported the condition to his supervisor(s) and

17   went on medical leave in or around late July 2022. Given the severe nature of Plaintiff's health

18   condition, Plaintiff's doctor did not medically clear Plaintiff to return to work full-time until

19   the cardio therapy was completed and recommended a return-to-work date of end of April 2023

20   to early May 2023.

21   170.    Accordingly, Plaintiff requested Defendant to either accommodate his updated return-to-

22   work date or grant him reasonable accommodations such as less laborious job tasks until he

23   could be medically cleared to return to work full-time.

24   171.    However, Defendant's management mandated that Plaintiff perform his same tasks and

25   duties as was expected of him prior to his heart attack, while denying Plaintiff any form of

26   accommodations.

27

28

172.     Defendant knew or had notice of Plaintiff's health condition, and with Plaintiff's constant communication with Defendant following his heart attack, Defendant knew Plaintiff sought and received a professional medical diagnosis and accommodations after the pain and suffering became unbearable and physically disabling, worsened by Defendant's unlawful conduct towards Plaintiff.

**(3) Plaintiff requested Defendant(s) make reasonable accommodation for his or her condition;**

173.     Plaintiff requested Defendant provide reasonable accommodation, or at least engage in a timely, good-faith interactive process to determine what accommodation, if any, Defendant could provide, after Plaintiff's doctor placed work restrictions on Plaintiff including taking a medically necessary leave of absence and requesting reasonable accommodation.

**(4) Plaintiff was willing to participate, and Defendant(s) failed to participate in a timely, good-faith interactive process;**

174.     Plaintiff requested accommodations from Defendant in the form of work duty restrictions, demonstrating Plaintiff's commitment to Defendant's business and acknowledging the importance Plaintiff's role in that business.  At all relevant times, Plaintiff was fully willing to participate in and facilitate an engaging, productive dialogue with Defendant in order to reach an agreeable and productive compromise for both parties.

175.     Defendant not only denied Plaintiff's request for accommodation, but outright refused to engage in any dialogue or a timely, good-faith interactive process to determine any possible accommodations Plaintiff could have received.   Defendant refused to recognize Plaintiff's need for the work restrictions Plaintiff requested per his doctor's recommendation, minimizing Plaintiff's suffering again for asserting his rights as an employee.

**(5) Defendant(s) could have made a reasonable accommodation;**

176.     At all relevant times, Defendant made no argument to Plaintiff or in any way justified its complete refusal to engage in a timely, good-faith interactive process to determine what, if any,

**COMPLAINT FOR DAMAGES**

1   accommodations would be reasonable to allow Plaintiff to perform the essential duties of the

2   job he was hired for, even with the lingering effects of debilitating physical disability.

3   177.   At all relevant times, Defendant could have made any number of minimal reasonable

4   accommodations for Plaintiff including but not limited to temporarily modifying Plaintiff's job

5   duties to specifically avoid reaggravating his health condition; temporarily modifying

6   Plaintiff's work schedules; temporarily relocating his work area; providing mechanical or

7   electrical aids; or allowing more frequent and/or longer breaks when Plaintiff engaged in

8   physically laborious and/or potentially injurious work duties.

9   178.   Defendant failed to offer any acceptable accommodation of their own, only refusing

10   Plaintiff's suggestions and attempts to establish a good-faith, timely interactive process.

11   **(6) Defendant(s)' failure to engage in a timely, good-faith interactive process was a**

12   **substantial factor in causing Plaintiff's harms.**

13   179.   But for Defendant's complete failure and outright refusal to engage in a timely, good-faith

14   interactive process to determine possible reasonable accommodations for Plaintiff's known

15   physical disability, Plaintiff would not have suffered the harms asserted herein, as the degree

16   of his physical, mental, and emotional damage was uniquely worsened specifically by

17   Defendant expecting and requiring Plaintiff to do the same job duties and tasks as prior to his

18   heart attack.

19   180.   The worsening of Plaintiff's ailments is the inevitable consequence of Defendant's failure

20   to engage in a timely, good-faith interactive process.

21   181.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues

22   to suffer losses in earnings and other benefits, and may, for a period of time in the future, be

23   unable to obtain gainful/comparable employment, as his ability to obtain such employment and

24   earning capacity have been diminished.  The exact amount of such expenses and losses are

25   presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth

26   the exact amount when it is ascertained.

27

28

**COMPLAINT FOR DAMAGES**

1   182.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

2       damages, as he was physically, psychologically, and emotionally injured.  Such injuries have

3       caused and continue to cause Plaintiff great mental and physical pain and suffering, and loss

4       of enjoyment, in an amount in excess of this Court's minimal jurisdiction.

5   183.   Had Defendant engaged in a timely good faith interactive process, reasonable

6       accommodation would have been ascertained as to properly accommodate Plaintiff's physical

7       disability, as to allow Plaintiff to continue working for Defendant.

8   184.   The FEHA provides an award of reasonable attorneys' fees and costs incurred by a

9       prevailing Plaintiff in an action brought under its provisions.  Plaintiff has incurred and will

10      continue to incur attorneys' fees and costs herein.

11  185.   Therefore, Plaintiff is entitled to an award of attorneys' fees and costs.

12              **THIRTEENTH CAUSE OF ACTION**

13      **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

14          **(Against Defendant CORECIVIC; and DOES 1-50, Inclusive)**

15  186. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this

16      Complaint as though fully set forth at this point.

17  187. At all relevant times to this action, CORECIVIC and Plaintiff were in an employer-employee

18      relationship.

19  188. CORECIVIC unlawfully discriminated against Plaintiff, in violation of Cal. Gov't Code §

20      12940(k), by causing Plaintiff's employment to be wrongfully terminated due to Plaintiff's

21      complaints of unlawful workplace conduct, taking of medical leave, and request for reasonable

22      accommodations.

23  189. "[T]he public policy of this State is declared as follows: [I]t is necessary that the individual

24      workman have full freedom of association ... to negotiate the terms and conditions of his

25      employment, and that he shall be free from the interference, restraint, or coercion of employers

26      of labor, or their agents, in ... concerted activities for the purpose of ... mutual aid or protection

27      ... The very purpose of the statute is to protect employees who want to discuss some aspect of

28

1   their compensation, for example, a possible increase in pay, perceived disparities in pay, or the

2   awarding of bonuses." *Grant-Burton v. Covenant Care, Inc.* (2002) Cal.App.4th 1361, 1374,

3   1376-1377.

4   190. California courts consistently recognize a fundamental public policy protecting an employee's

5       right to protest compensation issues. *Id.* at 1377 (employees may sue for wrongful discharge

6       involving a bonus, as "a bonus comes within the definition of 'wage'"); *Phillips v. Gemini*

7       *Moving Specialties* (1998) 63 Cal.App.4th 563 (employee may sue for wrongful discharge on

8       the basis of retaliatory firing for disputing wage deductions); *Gould v. Maryland Sound*

9       *Industries* (1995) 31 Cal.App.4th 1137 (employee may sue for wrongful discharge on the basis

10      of retaliatory firing for disputing overtime and other wages due).

11   191. Additionally, Cal. Gov't. Code § 12940(h) provides that it is an unlawful employment practice

12      "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or

13      otherwise discriminate against any person because the person has opposed any practices

14      forbidden under this part or because the person has filed a complaint, testified, or assisted in

15      any proceeding under this part."

16   192. Under *Holmes v. General Dynamics Corp.* (1993) 17 Cal.App.4th 1418, 1426 (*see also*

17      *Tameny v. Atl. Richfield Co.* (1980) 27 Cal.3d 167, 172), it is well-established that in order to

18      state a claim for wrongful termination in violation of public policy, Plaintiff must establish the

19      following six (6) elements:

20   **(1) An employer-employee relationship;**

21   193. Plaintiff was undoubtedly an employee of CORECIVIC.

22   **(2) An adverse employment action;**

23   194. Plaintiff had to endure the conduct mentioned hereinabove because CORECIVIC caused

24      Plaintiff's employment to be wrongfully terminated, in view of the fact of CORECIVIC

25      aforementioned discriminatory, harassing, and retaliatory conduct, of which Plaintiff was

26      subjected to. Instead of providing Plaintiff with any form of relief or resolution and/or a work

27      environment free from the above-mentioned unlawful acts, CORECIVIC retaliated against

28

1    Plaintiff by: severely and pervasively harassing Plaintiff; ignoring Plaintiff's complaints of

2    harassment; creating a hostile work environment against Plaintiff; refusing to accommodate

3    Plaintiff's physical disability; and wrongfully terminating his employment on or about April

4    14, 2023.  Through various and numerous attempts, CORECIVIC pursued, through wrongful

5    and unjust means, to wrongfully terminate Plaintiff's employment.

6    **(3) An applicable fundamental public policy;**

7    195. Plaintiff's wrongful employment termination was in violation of this State's public policy in

8    protecting employees against discriminatory and harassing conduct.  This is evidenced by the

9    FEHA, Cal. Gov't Code § 12900, *et seq.*, which evinces a policy that benefits society at large,

10    was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

11    Therefore, at the time of Plaintiff's wrongful employment termination, there was an applicable

12    public policy.

13    **(4) The alleged termination was in violation of a public policy;**

14    196. Plaintiff had to endure the conduct mentioned hereinabove because of his age and physical

15    disability and his assertion of his employment rights.  The FEHA prohibits **discrimination** and

16    **harassment** in a person's employment because of his or his race, color, ethnicity, national

17    origin, ancestry, religion, sex, gender, gender identity, gender expression, sexual orientation,

18    marital status, mental and **physical disability**, medical condition, **age**, pregnancy, and/or

19    **denial of medical and family care leave or pregnancy disability leave**, and it also prohibits

20    **retaliation for protesting illegal discrimination related to one of these categories**, or for

21    reporting patient abuse in tax supported institutions.  Cal. Gov't Code §§ 12940, 12945, and

22    12945.2.  Here, Plaintiff was subjected to discrimination, harassment, and retaliation with the

23    purpose of wrongfully terminating Plaintiff's employment and then was falsely reported that

24    he "voluntarily quit."

25    197. After Plaintiff complained to CORECIVIC of the aforementioned wrongful conduct,

26    CORECIVIC retaliated against Plaintiff by: severely and pervasively harassing Plaintiff;

27    ignoring Plaintiff's complaints of harassment; creating a hostile work environment against

28

1    Plaintiff; refusing to accommodate Plaintiff's physical disability; and wrongfully terminating

2    his employment on or about April 14, 2023.   Through various and numerous attempts,

3    CORECIVIC pursued, through wrongful and unjust means, to wrongfully terminate Plaintiff's

4    employment.

5    **(5) The termination was a legal cause of Plaintiff's damages;**

6    198. As a result of CORECIVIC's above-referenced wrongful conduct, Plaintiff has suffered and

7    continues to suffer general, consequential, and special damages, including but not limited to:

8    substantial losses in earnings, other employment benefits, emotional injuries, as well as

9    emotional distress, plus attorneys' fees, all to his damage in an amount according to proof.

10   **(6) The nature and extent of Plaintiff's damages.**

11   199. Plaintiff's damages include but are not limited to: heightened levels of stress, anxiety,

12   hypertension, headaches, emotional distress, chronic episodes of depression, nervousness,

13   unpaid compensation, and loss of wages due to unemployment.  Plaintiff continues to suffer

14   these damages to the present.

15   200. Plaintiff's last day of employment was on or about April 14, 2023.   Plaintiff had been

16   unemployed for a period of time and continues to suffer economic damages as a result of the

17   wrongful termination.  Plaintiff's further damages will be proven at the time of trial.

18   201. As a direct and proximate result of CORECIVIC's actions, Plaintiff has suffered and continues

19   to suffer losses in earnings and other benefits, and may, for a period of time in the future, be

20   unable to obtain gainful/comparable employment, as his ability to obtain such employment and

21   earning capacity have been diminished.   The exact amount of such expenses and losses are

22   presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth

23   the exact amount when it is ascertained.

24   202. As a direct and proximate result of CORECIVIC's conduct, Plaintiff suffered general

25   damages, as he was psychologically and emotionally injured.  Such injuries have caused and

26   continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment,

27   in an amount in excess of this Court's minimal jurisdiction.

28

203. Plaintiff is informed and believes that CORECIVIC acted with malice and oppression, as their tortious acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights.

204. CORECIVIC intentionally discriminated, harassed, and retaliated against Plaintiff and created an emotionally stressful hostile working environment, even after Plaintiff made several attempts to rectify such issues with management. In doing so, CORECIVIC acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff with an evil and sinister purpose and/or conscious disregard for Plaintiff's rights.

205. Based on the foregoing, Plaintiff is entitled to punitive damages in an amount according to proof.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**COMPLAINT FOR DAMAGES**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for this Court to grant the following relief against Defendant(s):

1.  For damages according to proof, including loss of past and future earnings, unpaid overtime compensation, meal and rest period premiums, and other employment benefits;

2.  For interest on the amount of losses incurred, including loss of past and future earnings, unpaid overtime compensation, meal and rest period premiums, and/or other employee benefits;

3.  For prejudgment interest on lost wages, unpaid overtime compensation, meal and rest period premiums, and/or other employment benefits;

4.  For general damages according to proof with interest thereon;

5.  For special damages according to proof with interest thereon;

6.  For punitive damages according to proof with interest thereon;

7.  For penalty pursuant to Labor Code § 203 for Plaintiff's daily wage times thirty (30) days;

8.  That Defendant(s) be found to have engaged in unfair competition in violation of §§ 17200, *et seq.*, of the California Business and Professions Code;

9.  That Defendant(s) be ordered and enjoined to make restitution to Plaintiff due to Defendants' unfair competition, including disgorgement of its wrongfully-withheld wages, penalties and/or penalty wages, pursuant to the California Business and Professions Code §§ 17202, 17203, and 17204;

10. That Defendant(s) be enjoined from continuing the illegal course of conduct, alleged herein;

11. That Defendant(s) further be enjoined to cease and desist from unfair competition in violation of §§ 17200, *et seq.* of the California Business and Professions Code;

/ / /

/ / /

/ / /

1    12.    For attorneys' fees pursuant to the California Labor Code §§ 1194, 218.5, 226 (and under

2            all other applicable statutes), interests and costs of suit; and

3    13.    For such other and further relief as the Court deems just and proper.

4

5    DATED: April 29, 2024                      **ANGEL CITY LAW, PC**

6

7

8                            By:        _____

                                        Rick Martin, Esq.

9                                          Ji-Su Park, Esq.

10                                        *Attorneys for Plaintiff,*

11                                        JAY HUNT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-36-

**COMPLAINT FOR DAMAGES**

1

## JURY DEMAND

2          Plaintiff respectfully demands a trial by jury on all claims so triable.

3

4     DATED: April 29, 2024                          **ANGEL CITY LAW, PC**

5

6

7                                          By: _____

8                                              Rick Martin, Esq.
                                               Ji-Su Park, Esq.

9                                              *Attorneys for Plaintiff,*
                                               JAY HUNT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                                 KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 1, 2024

Rick Martin

,

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202402-23479201
       Right to Sue: Hunt / Corecivic, Inc.

Dear Rick Martin:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                              KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 1, 2024

RE:    **Notice of Filing of Discrimination Complaint**
       CRD Matter Number: 202402-23479201
       Right to Sue: Hunt / Corecivic, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                  KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 1, 2024

Jay Hunt

,

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202402-23479201
      Right to Sue: Hunt / Corecivic, Inc.

Dear Jay Hunt:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective February 1, 2024 because an immediate
Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal
Employment Opportunity Commission (EEOC) to file a complaint within 30 days
of receipt of this CRD Notice of Case Closure or within 300 days of the alleged
discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jay Hunt                                                            CRD No. 202402-23479201

                                        Complainant,

vs.

Corecivic, Inc.

'

                                        Respondents

_____

**1.** Respondent **Corecivic, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Jay Hunt**, resides in the City of , State of .

**3.** Complainant alleges that on or about **April 14, 2023**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's genetic information or characteristic, military and veteran status, age (40 and over), association with a member of a protected class, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant was discriminated against** because of complainant's genetic information or characteristic, military and veteran status, age (40 and over), disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied employer paid health care while on family care and

-1-
*Complaint – CRD No. 202402-23479201*

Date Filed: February 1, 2024

CRD-ENF 80 RS (Revised 12/22)

1 | medical leave (cfra), denied family care and medical leave (cfra) related to serious health
2 | condition of employee or family member, child bonding, or military exigencies.

3 | **Complainant experienced retaliation** because complainant reported or resisted any form
of discrimination or harassment, requested or used a disability-related accommodation,
4 | participated as a witness in a discrimination or harassment complaint, requested or used
family care and medical leave (cfra) related to serious health condition of employee or family
5 | member, child bonding, or military exigencies and as a result was terminated, laid off, forced
to quit, denied hire or promotion, reprimanded, suspended, demoted, asked impermissible
6 | non-job-related questions, denied any employment benefit or privilege, denied work
opportunities or assignments, denied or forced to transfer, denied accommodation for a
7 | disability, denied employer paid health care while on family care and medical leave (cfra),
denied family care and medical leave (cfra) related to serious health condition of employee
8 | or family member, child bonding, or military exigencies.

9 |
10 | **Additional Complaint Details:**

-2-

*Complaint – CRD No. 202402-23479201*

Date Filed: February 1, 2024

CRD-ENF 80 RS (Revised 12/22)

1

VERIFICATION

2

I, **Rick Martin**, am the **Attorney** in the above-entitled complaint.  I have read the
foregoing complaint and know the contents thereof.  The matters alleged are based
on information and belief, which I believe to be true.

3

4

On February 1, 2024, I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

5

6

**Loa Angeles, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-3-

27

Date Filed: February 1, 2024

28

CRD-ENF 80 RS (Revised 12/22)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Rick Martin, Esq. (SBN 320403); Ji-Su Park, Esq. (SBN 343008)<br>ANGEL CITY LAW, PC<br>645 W. 9th Street, #110-259, Los Angeles, CA 90015<br>TELEPHONE NO.: (323) 364-8835   FAX NO.: (323) 967-2425<br>EMAIL ADDRESS: rick@angelcitylaw.com; ji-su@angelcitylaw.com<br>ATTORNEY FOR *(Name):* Jay Hunt | ELECTRONICALLY FILED<br>4/29/2024 5:44 PM<br>Kern County Superior Court<br>By Julia Barrera, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **KERN**
STREET ADDRESS: 1215 Truxtun Ave.
MAILING ADDRESS: 1215 Truxtun Ave.
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division Justice Building.

CASE NAME:
  Jay Hunt v. Corecivic, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $35,000)   [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BCV-24-101468 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 13
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 29, 2024

Rick Martin, Esq.
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
  relations)*
Sister State Judgment
Administrative Agency Award
  *(not unpaid taxes)*
Petition/Certification of Entry of
  Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**For your protection and privacy, please press the Clear**

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF KERN**<br>BAKERSFIELD COURT<br>1215 TRUXTUN AVENUE<br>BAKERSFIELD CA  93301 | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br><br>MAY 01, 2024<br>BY *Julia Barrera* DEPUTY |

| | |
|---|---|
| PLAINTIFF/PETITIONER:<br>  JAY  HUNT<br>DEFENDANT/RESPONDENT:<br>  CORECIVIC, INC., A MARYLAND CORPORATION | |
| NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND<br>NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND<br>NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br><br>BCV-24-101468 |

By order of the presiding judge, the above entitled case is assigned to the Honorable T. Mark Smith for all purposes.  It will be managed on the direct calendar program in Bakersfield Traffic Courtroom T-2 located at 3131 Arrow St. until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **August 14, 2024** in **Bakersfield Traffic Courtroom T-2 located at 3131 Arrow St. at 8:30 AM** to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110.  All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable T. Mark Smith on **October 28, 2024**
at **8:30 AM** in **Bakersfield Traffic Courtroom T-2 located at 3131 Arrow St.**.  Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

NOTICE TO PLAINTIFF'S COUNSEL

**IMPORTANT:**  You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form  ( California Rules of Court, Rule 3.221).

NOTICE TO CROSS COMPLAINANT'S COUNSEL

**IMPORTANT:**  If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

**TARA LEAL**
CLERK OF THE SUPERIOR COURT

Date:  May 01, 2024

Signed: 5/1/2024 10:34:16 AM

By: _____

Julia Barrera, Deputy Clerk

HUNT VS CORECIVIC, INC., A MARYLAND CORPORATION
BCV-24-101468

The Clerk of the Superior Court's office has received a civil complaint from you for filing.  Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable T. Mark Smith as monitoring judge.

Judge T. Mark Smith has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Traffic Courtroom T-2 located at 3131 Arrow St..

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at 661-610-6460.  Tentative rulings are not provided in advance of the hearing.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint.  This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named.  The notice must also be served on interveners and lien claimants.

<u>Pursuant to Local Rule 3.2.1. a party wishing to appear remotely in any civil proceeding other than an evidentiary hearing or trial, including conferences and law and motion hearings, is permitted to appear via Zoom without advance notice to the court or other parties. By appearing remotely those persons will be deemed to have requested a remote appearance. Instructions for accessing the court's Zoom account can be found on the court's website. Each judicial officer retains the discretion to require a party to appear in person at a conference, hearing, or proceeding, as authorized by Code of Civil Procedure section 367.75. Remote proceedings for evidentiary hearings or trials in all divisions shall be noticed and conducted as authorized by Code of Civil Procedure section 367.75 and California Rules of Court, rule 3.672.</u>

<u>Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT.  Proper procedures must be complied with under California Rules of Court, Rule 3.670.  Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.</u>

The Court does not provide court reporters for civil matters. Parties wishing to have a matter reported must provide their own reporter. The court maintains a list of pre-approved official reporters pro tem. Your preferred reporter can be added to this list. Information regarding the court's list is on the court's website.

Another judge will hear settlement conferences in cases assigned to Judge T. Mark Smith.  However, those cases that do not settle will be set for trial before him/her.

HUNT VS CORECIVIC, INC., A MARYLAND CORPORATION
BCV-24-101468

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
## SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1.  The "at-issue" status of the case including any new parties that may be contemplated;
2.  A brief statement of the type of case and the general facts or contentions;
3.  A description of the discovery done to date and that contemplated to be done;
4.  Estimated time for trial and whether a jury is demanded;
5.  Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6.  An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7.  If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8.  A statement of any settlement negotiations undertaken thus far;
9.  The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1.  The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2.  Discovery conducted and remaining to be done;
3.  Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4.  Delineation of issues including stipulation of facts not in substantial controversy;
5.  Settlement prospects;
6.  Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7.  Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

HUNT VS CORECIVIC, INC., A MARYLAND CORPORATION
BCV-24-101468

**CERTIFICATE OF POSTING**

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference*** attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof,  to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://www.kern.courts.ca.gov).


Date of Posting:        May 01, 2024

Place of Posting:       Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                    **TARA LEAL**
                                    CLERK OF THE SUPERIOR COURT

Date:  May 01, 2024
                                    Signed: 5/1/2024 10:34:17 AM

                        By:         _____
                                    Julia Barrera, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page **4** of **4**

# EXHIBIT 2

**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**    Ann Parker, Senior Director, Litigation & Risk Mgmt.
Corecivic
5501 VIRGINIA WAY, SUITE 101
BRENTWOOD, TN 37027

**RE:**    **Process Served in California**

**FOR:**   CoreCivic, Inc.  (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JAY HUNT, an individual // To: CoreCivic, Inc. |
| **CASE #:** | BCV24101468 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/01/2024 at 12:53 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Ann Parker  ann.parker@corecivic.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**Wolters Kluwer**

# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Wed, May 1, 2024
**Server Name:**                    Jimmy Lizama

| Entity Served | CORECIVIC, INC. |
|---|---|
| Case Number | BCV-24-101468 |
| Jurisdiction | CA |

| Inserts |
|---|
|  |



# EXHIBIT 3

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Angel City Law, PC<br>Rick Martin SBN 320403<br>645 W. 9th Street, Unit 110-259<br>Los Angeles, CA 90015<br>TELEPHONE NO:                    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  rick@angelcitylaw.com<br>ATTORNEY FOR *(Name)*:  Plaintiff | **ELECTRONICALLY FILED**<br>**5/2/2024 1:49 PM**<br>**Kern County Superior Court**<br>**By Karren Blanton, Deputy** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Kern
STREET ADDRESS:  1215 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE:  Bakersfield, 93301-5216
BRANCH NAME:  Metropolitan-Civil/Family

| PLAINTIFF / PETITIONER:  JAY HUNT<br>DEFENDANT / RESPONDENT:   CORECIVIC, INC., et al | CASE NUMBER:<br>BCV-24-101468 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>10968556 (22789283) |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X] Summons
    b.  [X] Complaint
    c.  [ ] Alternative Dispute Resolution (ADR) Package
    d.  [X] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] Cross-Complaint
    f.  [ ] Other *(specify documents)*:
3.  a.  Party served *(specify name of party as shown on documents served)*:
        CORECIVIC, INC., a Maryland corporation
    b.  [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        CT Corporation System - Jessie Gastelum, Intake Specialist - Person Authorized to Accept Service of Process
4.  Address where the party was served:
    330 North Brand Blvd #700, Glendale, CA 91203
5.  I served the party *(check proper box)*
    a.  [X] **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:  Wed, May 01 2024        (2) at *(time)*:  12:39 PM
    b.  [ ] **by substituted service**. On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1)  [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2)  [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4)  [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
             from *(city)*:                                   or [ ] a declaration of mailing is attached.
        (5)  [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2
Code of Civil Procedure, § 417.10

| | |
|---|---|
| PLAINTIFF / PETITIONER:   JAY HUNT | CASE NUMBER: |
| DEFENDANT / RESPONDENT:   CORECIVIC, INC., et al | BCV-24-101468 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)  on *(date)*:                                          (2)  from *(city)*:

(3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

(4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

a.  ☐  as an individual defendant.

b.  ☐  as the person sued under the fictitious name of *(specify)*:

c.  ☐  as occupant.

d.  ☒  On behalf of *(specify)*:    CORECIVIC, INC., a Maryland corporation

under the following Code of Civil Procedure section:

☒  416.10 (corporation)                                ☐  415.95 (business organization, form unknown)
☐  416.20 (defunct corporation)                        ☐  416.60 (minor)
☐  416.30 (joint stock company/association)            ☐  416.70 (ward or conservatee)
☐  416.40 (association or partnership)                 ☐  416.90 (authorized person)
☐  416.50 (public entity)                              ☐  415.46 (occupant)
☐  other:

7.  **Person who served papers**

a.  Name:                     Zeno Roller

b.  Address:                  1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954

c.  Telephone number:         800-938-8815

d.  **The fee** for service was:    $40.00

e.  I am:

(1)  ☐  not a registered California process server.

(2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

(3)  ☒  a registered California process server:

   (i)   ☐  owner   ☐  employee   ☒  independent contractor

   (ii)  Registration No:   2023100296

   (iii) County:   Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.


Date:   May 1, 2024

Zeno Roller

_____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

_____

(SIGNATURE)

# EXHIBIT 4

ELECTRONICALLY FILED
5/31/2024 1:43 PM
Kern County Superior Court
By Marina Mercado, Deputy

1   PAUL M. GLEASON (SBN: 155569)
    DAVD H. DANNING (SBN: 354477)
2   GLEASON & FAVAROTE, LLP
    3646 Long Beach Boulevard, Suite 203
3   Long Beach, CA 90807
    (213) 452-0510 Telephone
4   (213) 452-0514 Facsimile
    pgleason@gleasonfavarote.com
5   ddanning@gleasonfavarote.com

6   Attorneys for Defendant CORECIVIC, INC.

7

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

                          FOR THE COUNTY OF KERN
10

11

12  JAY HUNT, an individual,                    )  Case No. BCV-24-101468
                                                )
13                  Plaintiff,                   )  **DEFENDANT CORECIVIC, INC.'S**
                                                )  **ANSWER TO PLAINTIFF'S UNVERIFIED**
14          v.                                   )  **COMPLAINT**
                                                )
15  CORECIVIC, INC., a Maryland corporation; and )
16  DOES 1 through 50, inclusive,                )
                                                )
17                  Defendants.                  )
                                                )  Judge:   Hon. T. Mark Smith
18                                               )  Dept:    T-2
                                                )
19                                               )  Action Filed:   April 29, 2024
                                                )  Trial Date:     none
20                                               )
                                                )
21  _____    )

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

_____
**DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**TO PLAINTIFF JAY HUNT AND HIS ATTORNEYS OF RECORD:**

Defendant CoreCivic, Inc. ("Defendant"), hereby answers the unverified Complaint filed on behalf of plaintiff Jay Hunt ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every allegation and cause of action contained in Plaintiff's Complaint, and further denies that Plaintiff has been damaged in any manner or amount, or at all, as a result of any act or omission by Defendant.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

### FIRST AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

1.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that the claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to Labor Code sections 201-203, 215, 226, 226.7, 510, 512, 558, 558.1, 1174, 1174.5, 1194, 2802, Government Code sections 12900 et. seq., 12940 et seq., 12926, 12945, and Business & Professions Code sections 17200 et. seq., and/or any other applicable statutes of limitation.

### SECOND AFFIRMATIVE DEFENSE

#### (Doctrine of Laches)

2.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

3.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff has or had unclean hands with respect to the matters alleged in his

1.

**DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Complaint, and on that ground, is barred from recovering any relief on his Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

4.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to allege complaints or claims sufficient to sustain the imposition of punitive damages against Defendant pursuant to California Civil Code section 3294.

## FIFTH AFFIRMATIVE DEFENSE

### (Constitution Limit on Punitive Damages)

5.     Plaintiff is not entitled to recover any punitive or exemplary damages, or any penalties, as prayed for in the Complaint, on the grounds that any award of punitive or exemplary damages or penalties under California law in general, and/or any such award under California law as applied to the facts of this specific action, would violate the constitutional rights of Defendant under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

6.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff has failed to exhaust his administrative remedies, including those set forth in California Government Code section 12940 et seq.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is barred, in whole or in part, for the reason that, by his actions, Plaintiff is estopped from bringing any claim for relief against Defendant.

**DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver)**

8.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant is informed and believes, and based upon such information and belief alleges, that by his conduct, Plaintiff has waived any right to recover any relief by his Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

9.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff has failed to state a claim upon which relief can be granted.

**TENTH AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees)**

10.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that said Complaint fails to allege complaints sufficient to allow recovery of attorneys' fees from Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

11.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations are denied, Plaintiff may not recover for such damages because by his own acts and omissions, he has failed to properly mitigate those damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

12.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's right to recovery is barred in whole or in part by the doctrine of After-Acquired Evidence.

/ / /

**DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Mixed-Motive Defense)

3        13.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

4    action alleged therein, Defendant alleges, assuming *arguendo,* that there was a violation of the

5    Government Code (the FEHA) and/or other violation of law, Plaintiff's claims remain barred, in

6    whole or in part, because even without any said impermissible conduct, the employment actions

7    taken herein still would have been taken due to lawful, legitimate, nonprohibited, and/or

8    independent reason(s).  Defendant herewith raises the "mixed-motive" defense.

9

## FOURTEENTH AFFIRMATIVE DEFENSE

10

### (Consent)

11        14.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

12    action alleged therein, Defendant alleges that such claims are barred, in whole or in part, because

13    Plaintiff consented to, approved, or participated in the alleged conduct about which Plaintiff now

14    complains.

15

## FIFTEENTH AFFIRMATIVE DEFENSE

16

### (Avoidable Consequences)

17        15.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

18    action alleged therein, Defendant alleges that any potential recovery by Plaintiff is barred or at a

19    minimum limited by the doctrine of avoidable consequences.

20

## SIXTEENTH AFFIRMATIVE DEFENSE

21

### (Failure to Take Corrective Action)

22        16.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

23    action alleged therein, Defendant alleges that at all times relevant hereto, Defendant exercised

24    reasonable care to prevent and correct promptly any purportedly harassing, discriminatory and/or

25    retaliatory behavior, and to the extent Plaintiff unreasonably failed to take advantage of any

26    preventative and/or corrective opportunities provided by Defendant or to avoid harm otherwise,

27    Plaintiff's claim is barred.

28    / / /

**DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good and Lawful Cause)

17.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that at all times relevant hereto, Plaintiff is barred from any recovery in this action because there were good and sufficient lawful causes and reasons for any alleged employment actions that affected Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reason)

18.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that its conduct was a just and proper exercise of business judgement and managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

19.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that all actions and conduct by Defendant about which Plaintiff complains would have been made or taken regardless of any harassing, discriminatory, and/or retaliatory conduct alleged, and that all actions by Defendant about which Plaintiff complains were for just, fair, privileged, justified, non-retaliatory, non-harassing, non-discriminatory, and legitimate business reasons.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Speculative Damages)

20.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims for damages are precluded to the extent those alleged damages are speculative.

/ / /

/ / /

/ / /

**DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Outrageous Conduct)**

21.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff suffered any emotional distress (and Defendant denies that Plaintiff suffered any such distress), the conduct causing Plaintiff's emotional distress was not outrageous and the emotional distress was not severe.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

22.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant denies that it owed any amounts to Plaintiff; but if it should be determined that any amounts are owed, Defendant alleges that at all times herein, reasonable good faith disputes existed as to whether any such amounts were owed.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Arbitrary, Oppressive or Confiscatory Penalties)**

23.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is not entitled to recover any civil penalties, and/or any recovery of penalties should be reduced because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive or confiscatory.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Workers Compensation Preemption)**

24.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations were denied, Plaintiff's exclusive remedy for the damages is governed by the California Workers Compensation Act, Cal. Labor §§3200 et. seq. and 3600 et. seq.

/ / /

/ / /

/ / /

6.

1        **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2                **(Workers' Compensation Offset)**

3        25.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

4   action alleged therein, even if the California Workers' Compensation laws do not provide the

5   exclusive remedy for damages, to the extent that Plaintiff alleges he sustained injuries as the result

6   of his employment relationship with Defendant, any civil damages to which Plaintiff is entitled

7   must be offset by any award or settlement received under the Workers' Compensation laws.

8        **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

9                **(No Ratification)**

10       26.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

11  action alleged therein, Defendant alleges that some or all of Plaintiff's claims are barred because

12  the alleged conduct complained of by Plaintiff was done by persons or entities other than

13  Defendant and that at all times, said persons or entities acted without the consent, authorization,

14  knowledge, or ratification of Defendant with regard to the acts as alleged in the Complaint.

15       **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

16                **(No Bad Faith)**

17       27.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

18  action alleged therein, Defendant alleges that none of Defendant's acts were spiteful, malicious, in

19  bad faith or motivated by any ill will or fraud.  Instead, Defendant's acts, if any, were privileged,

20  non-discriminatory, non-harassing, non-retaliatory, proper and taken in accordance with

21  Defendant's rights as accorded by law.

22       **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

23                **(Breach of Obligations)**

24       28.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

25  action alleged therein, Defendant alleges that the Complaint is barred and/or the alleged damages

26  must be reduced, in whole or in part, because Plaintiff breached his obligations to his employer.

27  / / /

28  / / /

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Impossibility)**

29.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by impossibility of performance.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Outside the Scope of Employment)**

30.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that, to the extent any alleged retaliation occurred, which Defendant denies, any alleged retaliation committed by any employees or agents of Defendant was outside the scope and course their respective employment.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Apportionment)**

31.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained any loss under the circumstances alleged in the Complaint, which is denied, Defendant is liable only for that portion of damages, if any, that corresponds to Defendant's degree of fault or responsibility, and Defendant is not liable for damages attributable to the responsibility, negligence or fault of Plaintiff or of any other person or entity, whether named or unnamed in the Complaint.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Pre-Existing Conditions)**

32.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is not entitled to recover damages to the extent that any purported emotional distress damages allegedly suffered by Plaintiff were caused by any pre-existing psychological condition(s).

/ / /

/ / /

/ / /

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Offset or Setoff)**

33.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained any damage as a result of conduct alleged in the Complaint, which Defendant denies, Defendant is entitled to offset/setoff against any such recovery any and all amounts owed to Defendant by Plaintiff, any overpayments to Plaintiff, any damages or harm caused to Defendant by Plaintiff's actions or inaction, including without limitation, amounts received by Plaintiff as income or payments from other sources, including but not limited to that received under federal or state disability benefits laws, or by any other benefits received by Plaintiff.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Willfulness or Knowing and Intentional Conduct)**

34.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was not willful, nor was its conduct knowing and intentional.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Liquidated Damages)**

35.     As a separate and affirmative defense to Plaintiff's fourth cause of action, Defendant alleges that, even assuming *arguendo* that Plaintiff was not paid minimum wages earned by Plaintiff, Plaintiff is not entitled to recover liquidated damages because Defendant's alleged failure to comply with California Labor Code Section 1194 was in "good faith" and Defendant "had reasonable grounds for believing that the … omission was not a violation of any provision of the Labor Code relating to minimum wage."

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Failure to Pay Wages)**

36.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that it at all times has complied with its statutory obligation to pay wages.

9.

**DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Failure to Reimburse Necessary Expenses)**

37.     As a separate and affirmative defense to Plaintiff's Complaint and to Plaintiff's claim of disgorgement of unreimbursed business expenses alleged therein, Defendant alleges that Plaintiff's claimed business expenses were not necessary and Plaintiff is not entitled to any reimbursement or disgorgement to the extent that he failed to request reimbursement from Defendant.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Non-Compensable)**

38.     As a separate and affirmative defense to Plaintiff's complaint, Defendant alleges that some or all or certain hours claimed by Plaintiff are not "hours worked" within the meaning of any Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

39.     As a separate affirmative defense to Plaintiff's Complaint, Defendant asserts that Plaintiff would be unjustly enriched if she is awarded the relief she seeks, and such relief is therefore barred.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Compliance with Wage Laws)**

40.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's complaint is barred, in whole or in part, because Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that it had complied fully with California wage and hour laws and has a good faith legal defense to all claims.

/ / /

/ / /

/ / /

1

2

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Not Plaintiff's Employer)

3    41.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

4    action alleged therein, Plaintiff's complaint is barred, in whole or in part, against CoreCivic, Inc.

5    because it never was Plaintiff's employer.

6

7

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Establish Prima Facie Elements)

8    42.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

9    action alleged therein, Plaintiff's Complaint fails and must be dismissed because Plaintiff cannot

10   establish the *prima facie* elements of the causes of action alleged therein.

11

12

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (No Standing Under Business and Professions Code §§ 17200 et seq.)

13   43.    As a separate and affirmative defense to Plaintiff's sixth cause of action, Defendant

14   alleges that Plaintiff has not suffered a personal deprivation of money or property sufficiently to

15   entitle him to standing under Business and Professions Code §§ 17200 et seq.

16

17

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (No Damages Permissible Under Business and Professions Code §§ 17200 et seq.)

18   44.    As a separate and affirmative defense to Plaintiff's sixth cause of action, Defendant

19   alleges that Business and Professions Code §§ 17200 et seq., does not permit a recovery of

20   damages of any kind and that Plaintiff cannot show or identify any profits from which he would be

21   entitled to disgorgement or restitution.

22

23

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (No Protected Activity)

24   45.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

25   action alleged therein, Plaintiff's complaint is barred, in whole or in part, because Plaintiff failed to

26   engage in protected activity.

27   / / /

28   / / /

11.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Employment Would Have Ceased)

46.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff's complaint is barred, in whole or in part, because Defendant would have discharged Plaintiff if he had continued to work and Plaintiff's alleged complaints, and/or other alleged protected activity was not a reason for his termination.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (At-Will Employee)

47.     As a separate and affirmative defense to Plaintiff's Complaint and to each and every cause of action alleged therein, Defendant alleges that some or all of Plaintiff's claims fail because Plaintiff was at all times employed as an at-will employee of his true employer.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Jurisdiction)

48.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, to the extent Plaintiff makes allegations or claims that were not made the subject of a timely complaint or petition against Defendant submitted or filed by or on behalf of Plaintiff with the appropriate administrative or governmental agency or department, the Court lacks jurisdiction with respect to any such allegations or claims.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Satisfaction and Accord)

49.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff's Complaint is barred, in whole or in part, by the principles of satisfaction and accord and/or satisfaction and payment.

## FIFTIETH AFFIRMATIVE DEFENSE

### (No Actual Injuries)

50.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has not suffered any actual injury by reason of any of Defendant's acts, conduct, or omissions as alleged in

1    the Complaint.

2                    **FIFTY-FIRST AFFIRMATIVE DEFENSE**

3                            **(Not Disabled)**

4          51.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

5    action alleged therein, Plaintiff was not disabled, including but not limited to within the meaning of

6    California Government Code section 12926 et seq. and California Government Code section 12940

7    et seq. As a result, each and every purported cause of action therein based on alleged disability

8    discrimination, disability retaliation, disability harassment, failure to provide reasonable

9    accommodation, and/or failure to engage in the interactive process, including but not limited to

10   Plaintiff's seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth causes of action and all

11   associated claims/prayer for damages, all fail.

12                  **FIFTY-SECOND AFFIRMATIVE DEFENSE**

13                     **(No Accommodation Requested)**

14         52.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

15   action alleged therein, Plaintiff never requested any reasonable accommodation. As a result, each

16   and every purported cause of action therein based on alleged disability discrimination, disability

17   retaliation, failure to provide reasonable accommodation, failure to prevent harassment or

18   discrimination, and/or failure to engage in the interactive process, including but not limited to

19   Plaintiff's seventh, eighth, tenth, eleventh, twelfth, and thirteenth causes of action and all

20   associated claims/prayer for damages, all fail.

21                  **FIFTY-THIRD AFFIRMATIVE DEFENSE**

22                  **(Failure to Engage in Interactive Process)**

23         53.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

24   action alleged therein, Plaintiff has waived or, alternatively, cannot state nor assert any cause of

25   action for any alleged disability discrimination under *California Government Code* Section 12940

26   *et seq.* because of the failure of Plaintiff and/or his agents to cooperate and or engage in the

27   interactive process. As a result, each and every purported cause of action therein based on alleged

28   disability discrimination, disability retaliation, failure to provide reasonable accommodation,

and/or failure to engage in the interactive process, including but not limited to Plaintiff's seventh, eighth, tenth, eleventh, twelfth, and thirteenth causes of action and all associated claims/prayer for damages, all fail.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (Not Qualified)

54.    As a separate and affirmative defense to Plaintiff's Complaint and to each and every purported cause of action alleged therein, Plaintiff was not qualified or could not perform the essential duties of his position with or without reasonable accommodation. As a result, each and every purported cause of action therein based on alleged disability discrimination, disability retaliation, failure to provide reasonable accommodation, and/or failure to engage in the interactive process, including but not limited to Plaintiff's seventh, eighth, tenth, eleventh, twelfth, and thirteenth causes of action and all associated claims/prayer for damages, all fail.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

### (Unreasonable Request/Undue Hardship)

55.    As a separate and affirmative defense to Plaintiff's Complaint and to each and every purported cause of action alleged therein, to the extent Plaintiff claims that he requested an accommodation, such request was unreasonable and would have produced an undue hardship. Therefore, Plaintiff cannot maintain any disability claim, including but not limited to any claim under *California Government Code* Section 12940 *et seq.* As a result, each and every purported cause of action therein based on alleged disability discrimination, failure to provide reasonable accommodation, and/or failure to engage in the interactive process, including but not limited to Plaintiff's seventh, eighth, tenth, eleventh, twelfth, and thirteenth causes of action and all associated claims/prayer for damages, all fail.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

### (Risk of Safety and Health of Plaintiff and Others)

56.    As a separate and affirmative defense to Plaintiff's Complaint and to each and every purported cause of action alleged therein, Plaintiff was not qualified or could not perform the essential duties of his position in a manner that would not endanger his health or safety or the

14.

health or safety of others, with or without reasonable accommodation. As a result, every purported cause of action therein based on alleged disability discrimination, failure to provide reasonable accommodation, and/or failure to engage in the interactive process, including but not limited to Plaintiff's seventh, eighth, tenth, eleventh, twelfth, and thirteenth causes of action and all associated claims/prayer for damages, all fail.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

#### (No Certification From Health-Care Provider)

57.     As a separate and affirmative defense to Plaintiff's Complaint and to each and every purported cause of action alleged therein, the Complaint, and each cause of action therein, is barred, in whole or in part, on the grounds that Plaintiff failed timely to provide Defendant with a health-care provider's certification of Plaintiff's alleged restrictions and/or any alleged need for a leave of absence.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Managerial Privilege)

58.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff's claims are barred, in whole or in part, by the doctrine of managerial privilege or immunity.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

#### (Novation)

59.     As a separate affirmative defense to Plaintiff's Complaint, Defendant asserts that the Complaint, and every cause of action alleged therein, is barred, in whole or in part, based on one or more novations.

### SIXTIETH AFFIRMATIVE DEFENSE

#### (Fraud)

60.     As a separate affirmative defense to Plaintiff's Complaint, Defendant asserts that the Complaint, and every cause of action alleged therein, is barred, in whole or in part, by the doctrine of fraud.

/ / /

1

## SIXTY-FIRST AFFIRMATIVE DEFENSE

2

### (Res Judicata)

3      61.      As a separate affirmative defense to Plaintiff's Complaint, Defendant asserts that the

4  Complaint, and every cause of action alleged therein, is barred, in whole or in part, by the doctrine

5  of res judicata and/or collateral estoppel to the extent claims have been adjudicated in other

6  proceedings.

7

## SIXTY-SECOND AFFIRMATIVE DEFENSE

8

### (No Entitlement to Prejudgment Interest)

9      62.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

10  action alleged therein, Defendant alleges that any claim for prejudgment interest is barred as to any

11  purported cause of action for which such relief is not available.

12

## SIXTY-THIRD AFFIRMATIVE DEFENSE

13

### (Vagueness)

14      63.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

15  action alleged therein, Defendant alleges that the Complaint does not describe the events and

16  claims therein with sufficient particularity to enable Defendant to determine all of the affirmative

17  defenses that may pertain to the Complaint once the precise nature of such events and claims are

18  determined.

19

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

20

### (Insufficient Knowledge)

21      64.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

22  action alleged therein, Defendant alleges that it has insufficient knowledge or information upon

23  which to form a belief as to whether it may have additional, as yet unstated, separate defenses

24  available.  Defendant reserves the right to amend this Answer to add, delete, or modify defenses

25  based upon legal theories, which may or will be divulged through clarification of Plaintiff's vague

26  Complaint, through discovery, or through further legal analysis of Plaintiff's positions in this

27  litigation.

28  / / /

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff takes nothing by this action;

2.     That the Complaint be dismissed with prejudice;

3.     That judgment be entered in favor of Defendant;

4.     For costs of suit and for reasonable attorneys' fees incurred by Defendant; and

For such other and further relief as the Court deems just and proper.

Dated: May 31, 2024

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
DAVID H. DANNING

By: _____
       David H. Danning
Attorneys for Defendant CORECIVIC, INC.

**DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**PROOF OF SERVICE**

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 3646 Long Beach Boulevard, Suite 203, Long Beach, CA 90807.

On May 31, 2024, I served a copy(ies) of the following document(s):
**DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**
on the parties to this action as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Rick Martin, Esq.<br>Ji-Su Park, Esq.<br>ANGEL CITY LAW, PC<br>645 W. 9th Street, Ste. 110-259<br>Los Angeles, California 90015<br>Telephone: (323) 364-8835<br>Facsimile: (323) 967-2425<br>rick@angelcitylaw.com<br>ji-su@angelcitylaw.com | Attorneys for Plaintiff; JAY HUNT | One Legal, LLC |

☒ [BY DESIGNATED ELECTRONIC FILING SERVICE] I hereby certify that the above-referenced document(s) were served electronically on the parties listed herein at their most recent known email address or email of record by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

☐ [BY OVERNIGHT COURIER] I caused the sealed envelope(s) to be delivered by a commercial courier service for overnight delivery to the offices of the addressee(s).

☐ [BY HAND] I directed the sealed envelope(s) to the party(ies) so designated on the service list to be delivered by Ace Attorney Service, Inc. this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on May 31, 2024, at Long Beach, California.

Thomas Steinhart

1.

**PROOF OF SERVICE**

# EXHIBIT 5

Rick Martin, Esq. (SBN 320403)
rick@angelcitylaw.com
Ji-Su Park, Esq. (SBN 343008)
ji-su@angelcitylaw.com
**ANGEL CITY LAW, PC**
645 W. 9th Street, Ste. 110-259
Los Angeles, California 90015
Telephone: (323) 364-8835
Facsimile: (323) 967-2425

*Attorneys for Plaintiff,*
JAY HUNT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF KERN

| | |
|---|---|
| JAY HUNT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation;<br>and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: BCV-24-101468<br><br>**AMENDMENT TO COMPLAINT NAMING DOE 1** |

Upon the filing of the complaint, Plaintiff, being ignorant of the true name of the following defendants and having designated the defendants in the complaint by fictitious names, hereby identifies them by their true names as follows:

Doe 1:        CORECIVIC OF TENNESSEE, LLC, a Tennessee limited liability company

DATED: August 30, 2024                    **Angel City Law, PC**

                                         By: _____
                                         Rick Martin, Esq.
                                         Ji-Su Park, Esq.
                                         *Attorneys for Plaintiff,*
                                         JAY HUNT

-1-

1

**PROOF OF SERVICE**

2  Re: *Jay Hunt v. CoreCivic, Inc., et al.*

3  Case No.: BCV-24-101468

4        (x)     BY MAIL, directly deposited with U.S. Postal Service

5        ( )     BY MESSENGER

6        ( )     BY PERSONAL SERVICE

7        ( )     BY FACSIMILE TRANSMISSION

8        ( )     BY ELECTRONIC TRANSMISSION AND/OR EMAIL

9        I am employed in the County of Los Angeles, State of California.  I am over the age of 18

10  and not a party to the action within.  My business address is 645 W. 9th Street, Ste. 110-259, Los

11  Angeles, CA 90015.  On the date below, I served the following documents described as:

12  **AMENDMENT TO COMPLAINT NAMING DOE 1**

13  on all interested parties in this action by placing as to each party a true copy thereof to the

14  address(es) listed as follows:

15  GLEASON & FAVAROTE, LLP             C T Corporation System

16  Attn: Paul M. Gleason, Esq.                c/o CORECIVIC OF TENNESSEE, LLC
    Attn: David H. Danning, Esq.             Attn: Amanda Garcia, Agent for Service

17  3646 Long Beach Boulevard, Suite 203     330 N. Brand Blvd.
    Long Beach, CA 90807                          Glendale, CA 91203

18

19  Executed on August 30, 2024, in Los Angeles, California.

20        I declare under penalty of perjury under the laws of the State of California that the above

21  is true and correct.

22

23                                  */s/ Ji-Su Park*
                                      JI-SU PARK

24

25

26

27

28

-2-
**AMENDMENT TO COMPLAINT NAMING DOE 1**

# EXHIBIT 6

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Angel City Law, PC<br>Rick Martin SBN 320403<br>645 W. 9th Street, Unit 110-259<br>Los Angeles, CA 90015<br>TELEPHONE NO:            FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  rick@angelcitylaw.com<br>ATTORNEY FOR *(Name)*:  Plaintiff | **ELECTRONICALLY FILED**<br>**9/5/2024 1:23 PM**<br>**Kern County Superior Court**<br>**By Sadie Cazares, Deputy** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Kern
STREET ADDRESS:   1215 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE:   Bakersfield, 93301-5216
BRANCH NAME:   Metropolitan-Civil/Family

| PLAINTIFF / PETITIONER:  JAY HUNT<br>DEFENDANT / RESPONDENT:   CORECIVIC, INC., et al. | CASE NUMBER:<br>BCV-24-101468 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>11726530 (23649026) |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X] Summons
    b.  [X] Complaint
    c.  [X] Alternative Dispute Resolution (ADR) Package
    d.  [X] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] Cross-Complaint
    f.  [X] Other *(specify documents)*:   Amendment to Complaint Naming Doe 1, Notice of Assignment to Judge for All Purposes, Notice of Order to Show Cause re CRC Rule 3.110, and Notice of Case Management Conference, ADR Stipulation and Order Form
3.  a.  Party served *(specify name of party as shown on documents served)*:
        CORECIVIC OF TENNESSEE, LLC, a Tennessee limited liability company
    b.  [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        CT Corporation System - Sarai Marin, Intake Specialist - Person Authorized to Accept Service of Process
4.  Address where the party was served:
    330 North Brand Blvd #700, Glendale, CA 91203
5.  I served the party *(check proper box)*
    a.  [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   Wed, Sep 04 2024        (2) at *(time)*:   12:41 PM
    b.  [ ] **by substituted service.** On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
             from *(city)*:                                              or [ ] a declaration of mailing is attached.
        (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF / PETITIONER:   JAY HUNT | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   CORECIVIC, INC., et al. | BCV-24-101468 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
 (1)  on *(date)*:                                (2)  from *(city)*:
 (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)
 (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
 d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

 ☐  Additional page describing service is attached.
6.  The "Notice to the Person Served" (on the summons) was completed as follows:
 a.  ☐  as an individual defendant.
 b.  ☒  as the person sued under the fictitious name of *(specify)*:   DOE 1
 c.  ☐  as occupant.
 d.  ☒  On behalf of *(specify)*:   CORECIVIC OF TENNESSEE, LLC, a Tennessee limited liability company
 under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| ☒  other:   Corp. Code 17701.16, LLC | |

7.  **Person who served papers**
 a.  Name:                 Zoe Roller
 b.  Address:              1400 North McDowell Blvd Suite 300, Petaluma, CA  94954
 c.  Telephone number:     800-938-8815
 d.  **The fee** for service was:   $50.00
 e.  I am:
 (1)  ☐  not a registered California process server.
 (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
 (3)  ☒  a registered California process server:
 (i)  ☐  owner  ☐  employee  ☒  independent contractor
 (ii)  Registration No:   2023100296
 (iii)  County:   Los Angeles
8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
 or
9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   September 4, 2024

Zoe Roller
_____
 (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954                                                            _____
800-938-8815                                                                                          (SIGNATURE)

# EXHIBIT 7

1   PAUL M. GLEASON (SBN: 155569)
    DAVD H. DANNING (SBN: 354477)
2   GLEASON & FAVAROTE, LLP
    3646 Long Beach Boulevard, Suite 203
3   Long Beach, CA 90807
    (213) 452-0510 Telephone
4   (213) 452-0514 Facsimile
    pgleason@gleasonfavarote.com
5   ddanning@gleasonfavarote.com

6   Attorneys for Defendant CORECIVIC, INC.
    and CORECIVIC OF TENNESSEE, LLC
7

**ELECTRONICALLY FILED**
**9/30/2024 8:00 AM**
**Kern County Superior Court**
**By Julia Barrera, Deputy**

8

9                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                         **FOR THE COUNTY OF KERN**

11

12  JAY HUNT, an individual,                    )  Case No. BCV-24-101468
                                                )
13                                              )
                 Plaintiff,                     )  **DEFENDANT CORECIVIC OF**
14                                              )  **TENNESSEE, LLC'S ANSWER TO**
                                                )  **PLAINTIFF'S UNVERIFIED COMPLAINT**
15               v.                             )
                                                )
16  CORECIVIC, INC., a Maryland corporation; and)
    DOES 1 through 50, inclusive,               )
17                                              )
                                                )
18               Defendants.                    )  Judge:    Hon. T. Mark Smith
                                                )  Dept:     T-2
19                                              )
                                                )  Action Filed:    April 29, 2024
20                                              )  Trial Date:      none
                                                )
21                                              )
    _____)
22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

---

**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**TO PLAINTIFF JAY HUNT AND HIS ATTORNEYS OF RECORD:**

Defendant CoreCivic of Tennessee, LLC ("Defendant"), hereby answers the unverified Complaint filed on behalf of plaintiff Jay Hunt ("Plaintiff") as follows:

<u>**GENERAL DENIAL**</u>

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every allegation and cause of action contained in Plaintiff's Complaint, and further denies that Plaintiff has been damaged in any manner or amount, or at all, as a result of any act or omission by Defendant.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

**(Statute of Limitations)**

1.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that the claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to Labor Code sections 201-203, 215, 226, 226.7, 510, 512, 558, 558.1, 1174, 1174.5, 1194, 2802, Government Code sections 12900 et. seq., 12940 et seq., 12926, 12945, 12960, and Business & Professions Code sections 17200 et. seq., and/or any other applicable statutes of limitation.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

**(Doctrine of Laches)**

2.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

**(Unclean Hands)**

3.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff has or had unclean hands with respect to the matters alleged in his

1.
**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Complaint, and on that ground, is barred from recovering any relief on his Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

4.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to allege complaints or claims sufficient to sustain the imposition of punitive damages against Defendant pursuant to California Civil Code section 3294.

## FIFTH AFFIRMATIVE DEFENSE

### (Constitution Limit on Punitive Damages)

5.     Plaintiff is not entitled to recover any punitive or exemplary damages, or any penalties, as prayed for in the Complaint, on the grounds that any award of punitive or exemplary damages or penalties under California law in general, and/or any such award under California law as applied to the facts of this specific action, would violate the constitutional rights of Defendant under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

6.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff has failed to exhaust his administrative remedies, including those set forth in California Government Code section 12940 et seq.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is barred, in whole or in part, for the reason that, by his actions, Plaintiff is estopped from bringing any claim for relief against Defendant.

1

### **EIGHTH AFFIRMATIVE DEFENSE**

2

#### **(Waiver)**

3       8.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

4   action alleged therein, Defendant is informed and believes, and based upon such information and

5   belief alleges, that by his conduct, Plaintiff has waived any right to recover any relief by his

6   Complaint.

7

### **NINTH AFFIRMATIVE DEFENSE**

8

#### **(Failure to State a Claim)**

9       9.      As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

10  action alleged therein, Defendant alleges that Plaintiff has failed to state a claim upon which relief

11  can be granted.

12

### **TENTH AFFIRMATIVE DEFENSE**

13

#### **(No Attorneys' Fees)**

14      10.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

15  action alleged therein, Defendant alleges that said Complaint fails to allege complaints sufficient to

16  allow recovery of attorneys' fees from Defendant.

17

### **ELEVENTH AFFIRMATIVE DEFENSE**

18

#### **(Failure to Mitigate Damages)**

19      11.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

20  action alleged therein, Defendant alleges that if Plaintiff sustained damages by reason of the

21  allegations in the Complaint, which allegations are denied, Plaintiff may not recover for such

22  damages because by his own acts and omissions, he has failed to properly mitigate those damages.

23

### **TWELFTH AFFIRMATIVE DEFENSE**

24

#### **(After-Acquired Evidence)**

25      12.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

26  action alleged therein, Defendant alleges that Plaintiff's right to recovery is barred in whole or in

27  part by the doctrine of After-Acquired Evidence.

28  / / /

**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mixed-Motive Defense)

13.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges, assuming *arguendo,* that there was a violation of the Government Code (the FEHA) and/or other violation of law, Plaintiff's claims remain barred, in whole or in part, because even without any said impermissible conduct, the employment actions taken herein still would have been taken due to lawful, legitimate, nonprohibited, and/or independent reason(s).  Defendant herewith raises the "mixed-motive" defense.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

14.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that such claims are barred, in whole or in part, because Plaintiff consented to, approved, or participated in the alleged conduct about which Plaintiff now complains.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

15.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that any potential recovery by Plaintiff is barred or at a minimum limited by the doctrine of avoidable consequences.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Take Corrective Action)

16.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that at all times relevant hereto, Defendant exercised reasonable care to prevent and correct promptly any purportedly harassing, discriminatory and/or retaliatory behavior, and to the extent Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Defendant or to avoid harm otherwise, Plaintiff's claim is barred.

/ / /

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

### (Good and Lawful Cause)

3     17.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

4     action alleged therein, Defendant alleges that at all times relevant hereto, Plaintiff is barred from

5     any recovery in this action because there were good and sufficient lawful causes and reasons for

6     any alleged employment actions that affected Plaintiff.

7

## EIGHTEENTH AFFIRMATIVE DEFENSE

8

### (Legitimate Business Reason)

9     18.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

10    action alleged therein, Defendant alleges that its conduct was a just and proper exercise of business

11    judgement and managerial discretion, undertaken for fair and honest reasons, comporting with

12    good faith under the circumstances then existing, and was privileged and justified.

13

## NINETEENTH AFFIRMATIVE DEFENSE

14

### (Business Judgment Rule)

15    19.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

16    action alleged therein, Defendant alleges that all actions and conduct by Defendant about which

17    Plaintiff complains would have been made or taken regardless of any harassing, discriminatory,

18    and/or retaliatory conduct alleged, and that all actions by Defendant about which Plaintiff

19    complains were for just, fair, privileged, justified, non-retaliatory, non-harassing, non-

20    discriminatory, and legitimate business reasons.

21

## TWENTIETH AFFIRMATIVE DEFENSE

22

### (Speculative Damages)

23    20.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

24    action alleged therein, Defendant alleges that Plaintiff's claims for damages are precluded to the

25    extent those alleged damages are speculative.

26    / / /

27    / / /

28    / / /

5.

DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT

1               **TWENTY-FIRST AFFIRMATIVE DEFENSE**

2                     **(No Outrageous Conduct)**

3       21.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

4 action alleged therein, Defendant alleges that if Plaintiff suffered any emotional distress (and

5 Defendant denies that Plaintiff suffered any such distress), the conduct causing Plaintiff's

6 emotional distress was not outrageous and the emotional distress was not severe.

7              **TWENTY-SECOND AFFIRMATIVE DEFENSE**

8                  **(Good Faith Dispute)**

9       22.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

10 action alleged therein, Defendant denies that it owed any amounts to Plaintiff; but if it should be

11 determined that any amounts are owed, Defendant alleges that at all times herein, reasonable good

12 faith disputes existed as to whether any such amounts were owed.

13              **TWENTY-THIRD AFFIRMATIVE DEFENSE**

14        **(Arbitrary, Oppressive or Confiscatory Penalties)**

15       23.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

16 action alleged therein, Defendant alleges that Plaintiff is not entitled to recover any civil penalties,

17 and/or any recovery of penalties should be reduced because, under the circumstances of this case,

18 any such recovery would be unjust, arbitrary, and oppressive or confiscatory.

19             **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

20          **(Workers Compensation Preemption)**

21       24.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

22 action alleged therein, Defendant alleges that if Plaintiff sustained damages by reason of the

23 allegations in the Complaint, which allegations were denied, Plaintiff's exclusive remedy for the

24 damages is governed by the California Workers Compensation Act, Cal. Labor §§3200 et. seq. and

25 3600 et. seq.

26 / / /

27 / / /

28 / / /

**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

### (Workers' Compensation Offset)

3          25.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

4    action alleged therein, even if the California Workers' Compensation laws do not provide the

5    exclusive remedy for damages, to the extent that Plaintiff alleges he sustained injuries as the result

6    of his employment relationship with Defendant, any civil damages to which Plaintiff is entitled

7    must be offset by any award or settlement received under the Workers' Compensation laws.

8

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

9

### (No Ratification)

10          26.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

11    action alleged therein, Defendant alleges that some or all of Plaintiff's claims are barred because

12    the alleged conduct complained of by Plaintiff was done by persons or entities other than

13    Defendant and that at all times, said persons or entities acted without the consent, authorization,

14    knowledge, or ratification of Defendant with regard to the acts as alleged in the Complaint.

15

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

16

### (No Bad Faith)

17          27.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

18    action alleged therein, Defendant alleges that none of Defendant's acts were spiteful, malicious, in

19    bad faith or motivated by any ill will or fraud.  Instead, Defendant's acts, if any, were privileged,

20    non-discriminatory, non-harassing, non-retaliatory, proper and taken in accordance with

21    Defendant's rights as accorded by law.

22

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

23

### (Breach of Obligations)

24          28.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

25    action alleged therein, Defendant alleges that the Complaint is barred and/or the alleged damages

26    must be reduced, in whole or in part, because Plaintiff breached his obligations to his employer.

27    / / /

28    / / /

7.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Impossibility)

29.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by impossibility of performance.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Outside the Scope of Employment)

30.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that, to the extent any alleged retaliation occurred, which Defendant denies, any alleged retaliation committed by any employees or agents of Defendant was outside the scope and course their respective employment.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Apportionment)

31.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained any loss under the circumstances alleged in the Complaint, which is denied, Defendant is liable only for that portion of damages, if any, that corresponds to Defendant's degree of fault or responsibility, and Defendant is not liable for damages attributable to the responsibility, negligence or fault of Plaintiff or of any other person or entity, whether named or unnamed in the Complaint.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Pre-Existing Conditions)

32.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is not entitled to recover damages to the extent that any purported emotional distress damages allegedly suffered by Plaintiff were caused by any pre-existing psychological condition(s).

/ / /

/ / /

/ / /

8.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Offset or Setoff)**

33.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained any damage as a result of conduct alleged in the Complaint, which Defendant denies, Defendant is entitled to offset/setoff against any such recovery any and all amounts owed to Defendant by Plaintiff, any overpayments to Plaintiff, any damages or harm caused to Defendant by Plaintiff's actions or inaction, including without limitation, amounts received by Plaintiff as income or payments from other sources, including but not limited to that received under federal or state disability benefits laws, or by any other benefits received by Plaintiff.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Willfulness or Knowing and Intentional Conduct)**

34.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was not willful, nor was its conduct knowing and intentional.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Liquidated Damages)**

35.     As a separate and affirmative defense to Plaintiff's fourth cause of action, Defendant alleges that, even assuming *arguendo* that Plaintiff was not paid minimum wages earned by Plaintiff, Plaintiff is not entitled to recover liquidated damages because Defendant's alleged failure to comply with California Labor Code Section 1194 was in "good faith" and Defendant "had reasonable grounds for believing that the … omission was not a violation of any provision of the Labor Code relating to minimum wage."

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Failure to Pay Wages)**

36.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that it at all times has complied with its statutory obligation to pay wages.

9.

**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

1

2

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(No Failure to Reimburse Necessary Expenses)**

3    37.    As a separate and affirmative defense to Plaintiff's Complaint and to Plaintiff's
4    claim of disgorgement of unreimbursed business expenses alleged therein, Defendant alleges that
5    Plaintiff's claimed business expenses were not necessary and Plaintiff is not entitled to any
6    reimbursement or disgorgement to the extent that he failed to request reimbursement from
7    Defendant.

8

9

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Non-Compensable)**

10    38.    As a separate and affirmative defense to Plaintiff's complaint, Defendant alleges
11    that some or all or certain hours claimed by Plaintiff are not "hours worked" within the meaning of
12    any Wage Order(s) of the California Industrial Welfare Commission and/or under applicable
13    California law.

14

15

### THIRTY-NINTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

16    39.    As a separate affirmative defense to Plaintiff's Complaint, Defendant asserts that
17    Plaintiff would be unjustly enriched if she is awarded the relief she seeks, and such relief is
18    therefore barred.

19

20

### FORTIETH AFFIRMATIVE DEFENSE

**(Compliance with Wage Laws)**

21    40.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of
22    action alleged therein, Defendant alleges that Plaintiff's complaint is barred, in whole or in part,
23    because Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief
24    that it had complied fully with California wage and hour laws and has a good faith legal defense to
25    all claims.

26    / / /

27    / / /

28    / / /

DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT

1

**FORTY-FIRST AFFIRMATIVE DEFENSE**

2

**(Not Plaintiff's Employer)**

3

41.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

4

action alleged therein, Plaintiff's complaint is barred, in whole or in part, against CoreCivic, Inc.

5

because it never was Plaintiff's employer as Plaintiff was employed by Defendant.

6

**FORTY-SECOND AFFIRMATIVE DEFENSE**

7

**(Failure to Establish Prima Facie Elements)**

8

42.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

9

action alleged therein, Plaintiff's Complaint fails and must be dismissed because Plaintiff cannot

10

establish the *prima facie* elements of the causes of action alleged therein.

11

**FORTY-THIRD AFFIRMATIVE DEFENSE**

12

**(No Standing Under Business and Professions Code §§ 17200 et seq.)**

13

43.    As a separate and affirmative defense to Plaintiff's sixth cause of action, Defendant

14

alleges that Plaintiff has not suffered a personal deprivation of money or property sufficiently to

15

entitle him to standing under Business and Professions Code §§ 17200 et seq.

16

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

17

**(No Damages Permissible Under Business and Professions Code §§ 17200 et seq.)**

18

44.    As a separate and affirmative defense to Plaintiff's sixth cause of action, Defendant

19

alleges that Business and Professions Code §§ 17200 et seq., does not permit a recovery of

20

damages of any kind and that Plaintiff cannot show or identify any profits from which he would be

21

entitled to disgorgement or restitution.

22

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

23

**(No Protected Activity)**

24

45.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

25

action alleged therein, Plaintiff's complaint is barred, in whole or in part, because Plaintiff failed to

26

engage in protected activity.

27

/ / /

28

/ / /

**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

<b><u>FORTY-SIXTH AFFIRMATIVE DEFENSE</u></b>

<b>(Employment Would Have Ceased)</b>

46.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff's complaint is barred, in whole or in part, because Defendant would have discharged Plaintiff if he had continued to work and Plaintiff's alleged complaints, and/or other alleged protected activity was not a reason for his termination.

<b><u>FORTY-SEVENTH AFFIRMATIVE DEFENSE</u></b>

<b>(At-Will Employee)</b>

47.     As a separate and affirmative defense to Plaintiff's Complaint and to each and every cause of action alleged therein, Defendant alleges that some or all of Plaintiff's claims fail because Plaintiff was at all times employed as an at-will employee of his true employer.

<b><u>FORTY-EIGHTH AFFIRMATIVE DEFENSE</u></b>

<b>(No Jurisdiction)</b>

48.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, to the extent Plaintiff makes allegations or claims that were not made the subject of a timely complaint or petition against Defendant submitted or filed by or on behalf of Plaintiff with the appropriate administrative or governmental agency or department, the Court lacks jurisdiction with respect to any such allegations or claims.

<b><u>FORTY-NINTH AFFIRMATIVE DEFENSE</u></b>

<b>(Satisfaction and Accord)</b>

49.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff's Complaint is barred, in whole or in part, by the principles of satisfaction and accord and/or satisfaction and payment.

<b><u>FIFTIETH AFFIRMATIVE DEFENSE</u></b>

<b>(No Actual Injuries)</b>

50.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has not suffered any actual injury by reason of any of Defendant's acts, conduct, or omissions as alleged in

12.

1   the Complaint.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Not Disabled)

51.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff was not disabled, including but not limited to within the meaning of California Government Code section 12926 et seq. and California Government Code section 12940 et seq. As a result, each and every purported cause of action therein based on alleged disability discrimination, disability retaliation, disability harassment, failure to provide reasonable accommodation, and/or failure to engage in the interactive process, including but not limited to Plaintiff's seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth causes of action and all associated claims/prayer for damages, all fail.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (No Accommodation Requested)

52.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff never requested any reasonable accommodation. As a result, each and every purported cause of action therein based on alleged disability discrimination, disability retaliation, failure to provide reasonable accommodation, failure to prevent harassment or discrimination, and/or failure to engage in the interactive process, including but not limited to Plaintiff's seventh, eighth, tenth, eleventh, twelfth, and thirteenth causes of action and all associated claims/prayer for damages, all fail.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Engage in Interactive Process)

53.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Plaintiff has waived or, alternatively, cannot state nor assert any cause of action for any alleged disability discrimination under *California Government Code* Section 12940 *et seq.* because of the failure of Plaintiff and/or his agents to cooperate in the and or engage in the interactive process. As a result, each and every purported cause of action therein based on alleged disability discrimination, disability retaliation, failure to provide reasonable accommodation,

13.

1   and/or failure to engage in the interactive process, including but not limited to Plaintiff's seventh,

2   eighth, tenth, eleventh, twelfth, and thirteenth causes of action and all associated claims/prayer for

3   damages, all fail.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

#### (Not Qualified)

6       54.     As a separate and affirmative defense to Plaintiff's Complaint and to each and every

7   purported cause of action alleged therein, Plaintiff was not qualified or could not perform the

8   essential duties of his position with or without reasonable accommodation. As a result, each and

9   every purported cause of action therein based on alleged disability discrimination, disability

10  retaliation, failure to provide reasonable accommodation, and/or failure to engage in the interactive

11  process, including but not limited to Plaintiff's seventh, eighth, tenth, eleventh, twelfth, and

12  thirteenth causes of action and all associated claims/prayer for damages, all fail.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

#### (Unreasonable Request/Undue Hardship)

15      55.     As a separate and affirmative defense to Plaintiff's Complaint and to each and every

16  purported cause of action alleged therein, to the extent Plaintiff claims that he requested an

17  accommodation, such request was unreasonable and would have produced an undue hardship.

18  Therefore, Plaintiff cannot maintain any disability claim, including but not limited to any claim

19  under *California Government Code* Section 12940 *et seq.* As a result, each and every purported

20  cause of action therein based on alleged disability discrimination, failure to provide reasonable

21  accommodation, and/or failure to engage in the interactive process, including but not limited to

22  Plaintiff's seventh, eighth, tenth, eleventh, twelfth, and thirteenth causes of action and all

23  associated claims/prayer for damages, all fail.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

#### (Risk of Safety and Health of Plaintiff and Others)

26      56.     As a separate and affirmative defense to Plaintiff's Complaint and to each and every

27  purported cause of action alleged therein, Plaintiff was not qualified or could not perform the

28  essential duties of his position in a manner that would not endanger his health or safety or the

14.

1    health or safety of others, with or without reasonable accommodation. As a result, every purported

2    cause of action therein based on alleged disability discrimination, failure to provide reasonable

3    accommodation, and/or failure to engage in the interactive process, including but not limited to

4    Plaintiff's seventh, eighth, tenth, eleventh, twelfth, and thirteenth causes of action and all

5    associated claims/prayer for damages, all fail.

6                          **FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

7                          **(No Certification From Health-Care Provider)**

8           57.     As a separate and affirmative defense to Plaintiff's Complaint and to each and every

9    purported cause of action alleged therein, the Complaint, and each cause of action therein, is

10   barred, in whole or in part, on the grounds that Plaintiff failed timely to provide Defendant with a

11   health-care provider's certification of Plaintiff's alleged restrictions and/or any alleged need for a

12   leave of absence.

13                         **FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

14                         **(Managerial Privilege)**

15          58.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

16   action alleged therein, Plaintiff's claims are barred, in whole or in part, by the doctrine of

17   managerial privilege or immunity.

18                         **FIFTY-NINTH AFFIRMATIVE DEFENSE**

19                         **(Novation)**

20          59.     As a separate affirmative defense to Plaintiff's Complaint, Defendant asserts that the

21   Complaint, and every cause of action alleged therein, is barred, in whole or in part, based on one or

22   more novations.

23                         **SIXTIETH AFFIRMATIVE DEFENSE**

24                         **(Fraud)**

25          60.     As a separate affirmative defense to Plaintiff's Complaint, Defendant asserts that the

26   Complaint, and every cause of action alleged therein, is barred, in whole or in part, by the doctrine

27   of fraud.

28   / / /

**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**SIXTY-FIRST AFFIRMATIVE DEFENSE**

**(Res Judicata)**

61.     As a separate affirmative defense to Plaintiff's Complaint, Defendant asserts that the Complaint, and every cause of action alleged therein, is barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel to the extent claims have been adjudicated in other proceedings.

**SIXTY-SECOND AFFIRMATIVE DEFENSE**

**(No Entitlement to Prejudgment Interest)**

62.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that any claim for prejudgment interest is barred as to any purported cause of action for which such relief is not available.

**SIXTY-THIRD AFFIRMATIVE DEFENSE**

**(Vagueness)**

63.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint does not describe the events and claims therein with sufficient particularity to enable Defendant to determine all of the affirmative defenses that may pertain to the Complaint once the precise nature of such events and claims are determined.

**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

**(Insufficient Knowledge)**

64.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available.  Defendant reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories, which may or will be divulged through clarification of Plaintiff's vague Complaint, through discovery, or through further legal analysis of Plaintiff's positions in this litigation.

/ / /

16.

1    WHEREFORE, Defendant prays as follows:

2    1.    That Plaintiff takes nothing by this action;

3    2.    That the Complaint be dismissed with prejudice;

4    3.    That judgment be entered in favor of Defendant;

5    4.    For costs of suit and for reasonable attorneys' fees incurred by Defendant; and

6    For such other and further relief as the Court deems just and proper.

7

8    Dated: September 27, 2024

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
DAVID H. DANNING

9

10

11                                              By: _____
                                                          David H. Danning

12                                              Attorneys for Defendants CORECIVIC,
                                                INC., and CORECIVIC OF TENNESSEE,
13                                              LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17.

**PROOF OF SERVICE**

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 3646 Long Beach Boulevard, Suite 203, Long Beach, CA 90807.

On September 27, 2024, I served a copy(ies) of the following document(s):
**DEFENDANT CORECIVIC OF TENNESSEE, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the parties to this action as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Rick Martin, Esq.<br>Ji-Su Park, Esq.<br>ANGEL CITY LAW, PC<br>645 W. 9th Street, Ste. 110-259<br>Los Angeles, California 90015<br>Telephone: (323) 364-8835<br>Facsimile: (323) 967-2425<br>rick@angelcitylaw.com<br>ji-su@angelcitylaw.com | Attorneys for Plaintiff; JAY HUNT | One Legal, LLC |

☒ [BY DESIGNATED ELECTRONIC FILING SERVICE] I hereby certify that the above-referenced document(s) were served electronically on the parties listed herein at their most recent known email address or email of record by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

☐ [BY OVERNIGHT COURIER] I caused the sealed envelope(s) to be delivered by a commercial courier service for overnight delivery to the offices of the addressee(s).

☐ [BY HAND] I directed the sealed envelope(s) to the party(ies) so designated on the service list to be delivered by Ace Attorney Service, Inc. this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on September 27, 2024, at Long Beach, California.

_____
Thomas Steinhart

1.
**PROOF OF SERVICE**

## PROOF OF SERVICE

1

2      I, Thomas Steinhart, declare:

3      I am and was at the time of the service mentioned in this declaration,

4   employed in the County of Los Angeles, California.  I am over the age of 18 years

5   and not a party to the within action.  My business address is Gleason & Favarote,

6   LLP, 3646 Long Beach Boulevard, Suite 203, Long Beach, CA 90807.

7      On September 30, 2024, I served a copy(ies) of the following document(s):
       **DECLARATION OF DAVID DANNING IN SUPPORT OF DEFENDANT**
8   **CORECIVIC, INC. AND CORECIVIC OF TENNESSEE, LLC'S NOTICE OF**
                               **REMOVAL**
9
    on the parties to this action as follows:
10

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Rick Martin, Esq. Ji-Su Park, Esq. ANGEL CITY LAW, PC 645 W. 9th Street, Ste. 110-259 Los Angeles, California 90015 Telephone: (323) 364-8835 Facsimile: (323) 967-2425 rick@angelcitylaw.com ji-su@angelcitylaw.com | Attorneys for Plaintiff; JAY HUNT | First Class Mail |

16   ☒   [BY MAIL]  I placed the sealed envelope(s) for collection and mailing by
17       following the ordinary business practice of Gleason & Favarote, LLP, Long
         Beach, California. I am readily familiar with Gleason & Favarote, LLP's
18       practice for collecting and processing of correspondence for mailing with
         the United States Postal Service, said practice being that, in the ordinary
19       course of business, correspondence with postage fully prepaid is deposited
         with the United States Postal Service the same day as it is placed for
20       collection.

21      I declare under penalty of perjury under the laws of the United States of

22   America that the above is true and correct, and that this declaration was executed on

23   September 30, 2024, at Long Beach, California.

24
                                              _____
25                                                   Thomas Steinhart
26

27

28

**PROOF OF SERVICE**